**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| **Bryndon Fisher** and **Bruce Reid**, derivatively on behalf of **Federal National Mortgage Association**,<br><br>   Plaintiffs,<br>v.<br><br>**The United States of America**,<br><br>   Defendant,<br><br>and **Federal National Mortgage Association**<br><br>   Nominal Defendant. | FILED<br>AUG 2 6 2013<br>U.S. COURT OF FEDERAL CLAIMS<br><br>No. 13-608 C |

### NOTICE OF DIRECTLY RELATED CASES

Pursuant to Rule of the Court of Federal Claims ("RCFC") 40.2, Plaintiffs in the above-captioned matter ("this Action") hereby provide notice of the following five directly related cases (the "Related Actions"):

1. *Washington Federal v. The United States of America*, Case No. 13-385 C (MMS), filed on June 10, 2013.

2. *Fairholme Funds, Inc. v. The United States of America*, Case No. 13-465 C (MMS), filed on July 9, 2013.

3. *Cacciapelle v. The United States of America*, Case No. 13-466 C (MMS), filed on July 10, 2013.

4. *American European Insurance Co. v. The United States of America*, Case No. 13-496 C (MMS), filed on July 19, 2013.

5. *Dennis v. The United States of America*, Case No. 13-542 C (MMS), filed on August 5, 2013.

RCFC 40.2 provides that for the purposes of the rule, cases are directly related when "(a) they involve the same parties and are based on the same or similar claims; or (b) they involve the same contract, property, or patent."

Each of the Related Actions is based on "the same or similar claims" as this Action. Although, to the best of Plaintiffs' knowledge, this is the only shareholder derivative case filed on behalf of the Federal National Mortgage Association ("Fannie Mae" or the "Company") alleging a takings claim against the United States of America (the "Government"), each of the Related Actions involves the same or similar conduct by the Government. *Washington Federal, Cacciapelle, American European Insurance,* and *Dennis* each bring putative class actions on behalf of the common and/or preferred shareholders of Fannie Mae involving the same or similar claims. *Fairholme Funds* brings a direct, individual action involving the same or similar claims.

Plaintiffs in this action allege that Government, including the Department of the Treasury ("Treasury") and the Federal Housing Finance Agency ("FHFA") imposed a "Net Worth Sweep" on Fannie Mae on August 17, 2012, which required the Company to pay its entire net worth in the form of a dividend to Treasury every quarter in perpetuity. Plaintiffs further allege that the Government's appropriation of the entire net worth of Fannie Mae effectively destroyed all value in the Company and amounts to an unlawful taking in violation of the Fifth Amendment to the U.S. Constitution. Accordingly, plaintiffs seek just compensation for this taking on behalf of the Company.

Plaintiffs in each of the Related Actions also assert takings claims under the Fifth Amendment, challenging the Government's actions in instituting the Net Worth Sweep, but they do so on behalf of Fannie Mae's shareholders, rather than the Company. In

addition, the *Washington Federal* case alleges that the Government's original action to place Fannie Mae into conservatorship on September 6, 2008 also constitutes a taking. While these cases seek recovery for individuals and/or a putative class of common and/or preferred shareholders, each involves the same Government action to institute the Net Worth Sweep on August 17, 2012.

Additionally, each of the Related Actions involve the same contract and property. First, each of the Related Actions involves the same August 17, 2012 contract between the FHFA and Treasury, and each of the Related Actions alleges that the Government's actions in connection with this contract constituted an unlawful taking. Second, each of the Related Actions involves the same property, namely the entire net worth of Fannie Mae. While the Related Actions allege that the Government's actions in taking the entire net worth of Fannie Mae effectively deprived common and/or preferred shareholders of their dividends and liquidation preferences, this action alleges that the harm instead occurred to the Company, and any relief should therefore flow to the Company. Nevertheless, both this case and the Related Actions involve the same net worth of the Company that was allegedly taken by the Government's actions on August 17, 2012.

Each of the Related Cases is currently assigned to Judge Margaret M. Sweeney. As such, assigning this action to Judge Sweeney would conserve judicial resources and promote the efficient administration of justice. Both this action and the Related Actions have been filed within approximately two months of each other, and the Government has not yet answered the complaints in any of the Related Actions. All of these actions are at similar stages of litigation and may be able to coordinate scheduling and discovery, allowing the Court to handle these actions in a more efficient manner.

DATED: August 23, 2013				**SCHUBERT JONCKHEER & KOLBE LLP**

By: *[signature]*
NOAH M. SCHUBERT

Noah M. Schubert
Attorney of Record
*nschubert@schubertlawfirm.com*

Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415-788-4220
Fx: 415-788-0161

OF COUNSEL:				**SCHUBERT JONCKHEER & KOLBE LLP**

Robert C. Schubert
*rschubert@schubertlawfirm.com*

Miranda P. Kolbe
*mkolbe@schubertlawfirm.com*

Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415-788-4220
Fx: 415-788-0161

**SHAPIRO HABER & URMY LLP**

Edward F. Haber
*ehaber@shulaw.com*

53 State Street
Boston, MA 02109
Ph: 617-439-3939
Fx: 617-439-0134

*Attorneys for Plaintiffs*