IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRYNDON FISHER and BRUCE REID,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| ) | No. 13-608C |
| v.    ) | (Judge Sweeney) |
| ) | |
| ) | |
| THE UNITED STATES,    ) | |
| ) | |
| Defendant.    ) | |

**DEFENDANT'S MOTION FOR A STAY IN LIGHT OF LAPSE OF APPROPRIATIONS OR, IN THE ALTERNATIVE, MOTION FOR AN ENLARGEMENT OF TIME**

Defendant, the United States, respectfully requests a stay of all deadlines in this case pending restoration of appropriations to the Department of Justice by Congress. In the alternative, pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims (RCFC), we respectfully request a 90-day enlargement of time, to and including January 23, 2014, within which to respond to the complaint. The United States' response the complaint is currently due by October 25, 2013. This is defendant's first request for an enlargement of time for this purpose. In accordance with RCFC 6.1(b), Government counsel contacted counsel for plaintiffs, Bryndon Fisher and Bruce Reid, to discuss this motion, but we are unsure whether plaintiffs will oppose this motion.

**MOTION FOR A STAY**

Defendant, the United States, respectfully moves for a stay of deadlines in this case between October 1, 2013, and the end of the lapse in appropriations to the Department of Justice. We respectfully request that the Court stay the case and the associated deadlines in light of the budgetary and statutory restrictions placed upon the Department of Justice.

At the end of the day on September 30, 2013, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for most Executive agencies, including the Department of the Treasury. The Department of Justice does not know when funding will be restored by Congress. Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

Undersigned counsel for the Department of Justice therefore requests a stay of all deadlines in this case, including the Government's obligation to respond to the complaint, until Congress has restored appropriations to the Department. If this request for stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department, and will provide a suggested due date for our response to the complaint. Although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby requests a stay in this case until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

## ALTERNATIVE MOTION FOR AN ENLARGEMENT OF TIME

Alternatively, if a stay is not granted, we respectfully request a 90-day enlargement of time, to and including January 23, 2014, within which to respond to the complaint. There is good cause for the United States' request. The extension of time is necessary given the complexity of the case, existing obligations of assigned counsel, and the need to coordinate the Government's response among multiple agencies and across several related cases.

Plaintiffs filed a derivative action, on behalf of the Federal National Mortgage Association (Fannie Mae) on August 26, 2013, alleging that actions by the Federal Housing

Finance Authority (FHFA) and Treasury with respect to Fannie Mae constituted a taking of Fannie Mae's reasonable value for public use. Specifically, plaintiffs allege that August 2012 amendments to an agreement between Treasury and FHFA deprives Fannie Mae of all reasonable economic value.

Plaintiffs' complaint both challenges Government action and alleges that a derivative suit is warranted because a demand on Fannie Mae's Board of Directors to institute an action would be futile. The complaint implicates complex statutory regimes and the actions of agencies including FHFA and Treasury. Moreover, plaintiffs' complaint recites a self-serving version of the financial crisis that served as a backdrop to the challenged Government actions. The Government requires significant time to respond to these allegations.

Given the nature of plaintiffs' allegations, the Government must coordinate its response with counsel from Treasury. The Government must also coordinate its response with its responses among related cases that have been filed in this Court since the plaintiffs filed their complaint in this case. *See Washington Federal, et al. v. United States*, No. 13-385C (Fed. Cl.) *Fairholme Funds, Inc. et al. v. United States*, No. 13-465C (Fed. Cl.); *Cacciapalle et al. v. United States*, No. 13-466C (Fed. Cl.); *American European Insurance Co. v. United States*, No. 13-496C (Fed. Cl.); *Dennis v. United States*, No. 13-542C (Fed. Cl.); *Shipmon v. United States*, No. 13-672C (Fed. Cl.); and *Arrowood Indemnity Co., et al. v. United States*, No. 13-698C (Fed. Cl.). Similarly, the Government must coordinate its responses with those filed by another section of the Civil Division in related district court cases. *See, e.g.*, *Perry Capital, LLC v. Lew et al*, No. 13-1025 (D.D.C.); *Fairholme Funds, Inc. et al v. FHFA et al*, No. 13-1053 (D.D.C.); *Gail C. Sweeney Estate Marital Trust v. Treasury et al*, No. 13-206 (D.D.C.).

Assigned counsel in this case have a number of pre-existing obligations. Counsel of record is also lead counsel in *Colonial Chevrolet Co., Inc. et al v. United States*, 2013-5020 (Fed. Cir.), and *Alley's of Kingsport, Inc. et al v. United States*, 2013-5019 (Fed. Cir.), in which interlocutory appeal in the United States Court of Appeals for the Federal Circuit is pending. Oral argument in those cases is scheduled for November 5, 2013. Counsel of record is also scheduled to participate throughout the month of October in depositions in *Starr International Company, Inc., v. United States*, No. 11-779C (Fed. Cl.).

Finally, co-counsel in this case have, since October 1, 2013, been furloughed or partially furloughed because, at the end of the day on September 30, 2013, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed.

For these reasons, defendant respectfully requests that, if a stay is not granted, the Court grant an enlargement of time of 90 days, to and including January 23, 2014, for defendant to respond to the complaint.

## CONCLUSION

The Court should stay all deadlines in this case pending restoration of appropriations for the Department of Justice. In the alternative, the Court should grant a 90-day enlargement of time, to and including January 23, 2014, for defendant to respond to the complaint.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

| | |
|---|---|
| OF COUNSEL: | s/Kenneth M. Dintzer |
| | KENNETH M. DINTZER |
| | Acting Deputy Director |
| ELIZABETH M. HOSFORD | Commercial Litigation Branch |
| GREGG M. SCHWIND | Civil Division |
| Senior Trial Counsel | United States Department of Justice |
| | PO Box 480 |
| KATY M. BARTELMA | Ben Franklin Station |
| SETH W. GREENE | Washington, D.C. 20044 |
| ERIC E. LAUFGRABEN | (202) 616-0385 |
| DANIEL B. VOLK | (202) 307-0972 fax |
| Trial Attorneys | KDintzer@CIV.USDOJ.GOV |
| | |
| October 10, 2013 | Attorneys for Defendant |