# In the United States Court of Federal Claims

Nos. 13-466C, 13-496C, 13-542C, 13-385C, 13-608C, 13-672C, 13-465C, 13-698C
(Filed: October 29, 2013)

```
*************************************
JOSEPH CACCIAPELLE, et al.,          *
                                     *
                Plaintiffs,          *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
                Defendant.           *
*************************************
```

## ORDER

AND NOW, upon consideration of plaintiffs Washington Federal, Michael McCredy Baker and City of Austin Police Retirement System, and Joseph Cacciapelle and Melvin Bareiss' (collectively, the "Movants") Amended Joint Motion for Consolidation, Coordination and Appointment of Interim Co-Lead Class Counsel, the Response of Bryndon Fisher, Bruce Reid and Erick Shipmon, the Response of the United States of America, and the Reply of the Movants, and good cause appearing therefore, it is hereby ORDERED and DECREED as follows:

### CONSOLIDATION OF CLASS ACTIONS

**A.  The Cacciapelle Consolidated Action**

1. The actions captioned Cacciapelle, et al. v. United States, No. 13-cv-00466 ("Cacciapelle"),  American European Ins. Co. v. United States, No. 13-cv-00496, and Dennis v. United States, No. 13-cv-00542, are hereby consolidated under the Cacciapelle caption and docket number (the "Cacciapelle Consolidated Action").

2. Within thirty (30) days from the date of this Order, plaintiffs shall designate an operative complaint or file a consolidated complaint in the Cacciapelle Consolidated Action.

3. Any class action hereafter filed in or transferred to this Court which is brought on behalf of common or preferred shareholders of Federal National Mortgage Association ("Fannie Mae") or Federal Home Loan Mortgage Corporation ("Freddie Mac") relating to the August 2012 Third Amendment or related government actions shall be consolidated with the Cacciapelle Consolidated Action.  A Notice of Directly Related Case shall be filed with the Clerk.

**B. The Washington Federal Action**

1. Any class action hereafter filed in or transferred to this Court which is brought on behalf of common or preferred shareholders of Fannie Mae or Freddie Mac relating to the September 2008 conservatorship or related government actions shall be consolidated with Washington Federal, et al. v. United States, No. 13-cv-00385 ("Washington Federal"). The complaint filed on June 10, 2013 shall be deemed the operative complaint in the Washington Federal action. A Notice of Directly Related Case shall be filed with the Clerk.

## COORDINATION OF REPRESENTATIVE ACTIONS AND COORDINATION WITH INDIVIDUAL ACTIONS

1. The Cacciapelle Consolidated Action is hereby coordinated with Fisher, et al. v. United States, et al., No. 13-cv-00608 ("*Fisher*") and Shipmon v. United States, et al., No. 13-cv-00672 ("Shipmon") (or the consolidated action that results from the consolidation of Fisher and Shipmon), and with Washington Federal (collectively, the "Representative Actions") for discovery, motion practice, case management and scheduling, and other pretrial proceedings, as appropriate.

2. The Representative Actions are hereby coordinated with Fairholme, et al v. United States, No. 13-cv-00465 ("Fairholme") and Arrowood Indemnity Co., et al. v. United States, No. 13-cv-00698 ("Arrowood") (collectively, the "Individual Actions"). The Representative Actions and the Individual Actions are the "Coordinated Actions," and shall be coordinated for discovery, motion practice, case management and scheduling, and other pretrial proceedings, as appropriate.

3. When a case that properly belongs as part of the Coordinated Actions (each a "Related Action") is hereafter filed in or transferred to this Court, the Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing or transfer of any case that might properly be coordinated as part of the Coordinated Actions, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

4. Each Related Action shall be governed by the terms of this Order and shall be coordinated for all purposes with the Coordinated Actions.

5. A party to any Related Action may move for relief from the terms of this Order only if such motion is filed with the Court and served upon Interim Co-Lead Class Counsel (as defined herein) and counsel for the Defendant within thirty (30) days of the mailing of this Order to counsel for such party. A party to a Related Action shall be entitled to relief from the terms of this Order only if the party's motion demonstrates that the Related Action does not involve questions of law or fact similar to those contained in the Coordinated Actions.

## APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

1. The law firms of Boies, Schiller & Flexner LLP and Kessler Topaz Meltzer &

Check, LLP are hereby appointed Interim Co-Lead Class Counsel for the Cacciapalle Consolidated Action.

2. The law firms of Hagens Berman Sobol Shapiro LLP and Spector Roseman Kodroff & Willis, PC are hereby appointed Interim Co-Lead Class Counsel for the Washington Federal action.

### A. Duties and Responsibilities of Interim Co-Lead Class Counsel

1. Interim Co-Lead Class Counsel shall have the authority to speak for their respective class plaintiffs in all matters including class certification and settlement negotiations.  Interim Co-Lead Class Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative and unproductive effort.

2. Interim Co-Lead Class Counsel shall be responsible for coordination of all activities and appearances on behalf of their respective class plaintiffs and for the dissemination of notices and orders of this Court in their respective actions. No motion, request for discovery, or other proceeding including class certification shall be initiated or filed by class plaintiffs except through Interim Co-Lead Class Counsel. Defendant's counsel may rely upon agreements made with Interim Co-Lead Class Counsel, or other duly authorized representatives of Interim Co-Lead Class Counsel, and such agreements shall be binding on all class plaintiffs in their respective actions.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY