IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRYNDON FISHER, BRUCE REID, and ERICK SHIPMON,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>THE UNITED STATES,  )<br>)<br>Defendant.  ) | No. 13-608C<br>(Judge Sweeney) |

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

Pursuant to Rule 12(a)(1) and Rule 6.1 of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests a 36-day enlargement of time to respond to the consolidated complaint.  The Court's docket currently indicates that the United States' response is due by December 19, 2013.  The request for enlargement, if granted, would extend the date to January 23, 2014.  This is defendant's first request for an enlargement of time to respond to the consolidated complaint.  Plaintiffs have stated that they do not oppose this motion.

There is good cause for the United States' request.  The enlargement of time will ensure the orderly administration of the above-captioned consolidated case.  Prior to the consolidation, the Court ordered the Government to respond to the complaint in *Fisher, et al. v. United States*, No. 13-608 (Fed. Cl.) (*Fisher*), on or before January 23, 2014.  *See* Docket Entry (D.E.) 10 (Court's October 15, 2013 Order).  On October 29, 2013, plaintiffs moved to consolidate *Fisher* with *Shipmon v. United States*, No. 13-672 (Fed. Cl.) (*Shipmon*).  *See* D.E. 15 (Pls. Mot. for Consolidation).  The Court granted plaintiffs' motion and consolidated the two cases under the *Fisher* caption and docket number.  *See* D.E. 16 (Court's October 30, 2013 Order).  Since that

time, the Government has been proceeding on a schedule that will enable it to respond to the operative complaint on or before January 23, 2014.

Plaintiffs filed the First Amended Consolidated Derivative Complaint on December 2, 2013.  D.E. 17.  The Court's electronic filing system generated a due date of December 19, 2013, for the Government's response to the complaint.  As explained above, however, the Government has understood the Court's October 15, 2013 Order entered in *Fisher* to have set the deadline for responding to the complaint.  Granting the Government's motion will therefore clarify that this action should be administered pursuant to the deadlines previously set by the Court in *Fisher*.

The additional time is also necessary in light of the complexity of the case, the need to coordinate the Government's response among multiple agencies and across several related cases, and the existing obligations of assigned counsel.  Plaintiffs' complaint both challenges Government action and alleges that a derivative suit is warranted because a demand on Fannie Mae's Board of Directors to institute an action would be futile.  The complaint implicates complex statutory regimes and the actions of agencies including FHFA and Treasury.

The Government requires significant time to respond to these allegations.  Further, given the broad nature of plaintiff's allegations, the Government's response requires extensive coordination, particularly with counsel for Treasury.  The Government must also coordinate its response with the responses among related cases that have been filed in this Court.  *See Washington Federal, et al. v. United States*, No. 13-385C (Fed. Cl.) *Fairholme Funds, Inc. et al. v. United States*, No. 13-465C (Fed. Cl.); *Cacciapelle et al. v. United States*, No. 13-466C (Fed. Cl.); and *Arrowood Indemnity Co., et al. v. United States*, No. 13-698C (Fed. Cl.).  Similarly, the Government must coordinate its responses with those filed by another section of the Civil Division in related district court cases.  *See, e.g.*, *Perry Capital, LLC v. Lew et al*, No. 13-1025

(D.D.C.); *Fairholme Funds, Inc. et al v. FHFA et al*, No. 13-1053 (D.D.C.); *Gail C. Sweeney Estate Marital Trust v. Treasury et al*, No-13-206 (D.D.C.).

Moreover, assigned counsel in this case have a number of pre-existing obligations that have required, and will continue to require, significant time.  For example, counsel of record is also on *Starr International Co., Inc., v. United States*, No. 11-779C (Fed. Cl.), and is scheduled to participate in depositions until December 20, 2013, and potentially into January.  Co-counsel in this case have also been preparing and filing motions to dismiss in other related cases including, most-recently, *Fairholme Funds, Inc., et al. v. United States*, No. 13-465C (Fed. Cl.), and *Cacciapelle, et al. v. United States*, No. 13-466C (Fed. Cl.), both on December 9, 2013.

For these reasons, defendant respectfully requests that the Court grant defendant's motion for an enlargement of time of 36 days, to January 23, 2014, for defendant to respond to plaintiffs' consolidated complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | STUART F. DELERY<br>Assistant Attorney General |
|  | s/ Jeanne E. Davidson<br>JEANNE E. DAVIDSON<br>Director |
|  | s/ Kenneth M. Dintzer<br>         by s/ Katy M. Bartelma |
| OF COUNSEL: | KENNETH M. DINTZER<br>Acting Deputy Director |
| ELIZABETH M. HOSFORD<br>GREGG M. SCHWIND<br>Senior Trial Counsel | Commercial Litigation Branch<br>Civil Division<br>United States Department of Justice<br>PO Box 480 |
| KATY M. BARTELMA<br>SETH W. GREENE<br>DANIEL B. VOLK<br>Trial Attorneys | Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 616-0385<br>(202) 307-0972 fax<br>KDintzer@CIV.USDOJ.GOV |
| December 17, 2013 | Attorneys for Defendant |