IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **Bryndon Fisher**, **Bruce Reid**, and **Erick Shipmon**, derivatively on behalf of **Federal National Mortgage Association**,<br><br>        Plaintiffs,<br><br>    v.<br><br>**The United States of America**,<br><br>        Defendant,<br><br>and **Federal National Mortgage Association**<br><br>        Nominal Defendant. | No. 1:13-cv-00608-MMS |

**PLAINTIFFS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS AND NOTICE REGARDING JURISDICTIONAL DISCOVERY**

Pursuant to Rule 6.1 of the U.S. Court of Federal Claims ("RCFC"), Plaintiffs Bryndon Fisher, Bruce Reid, and Erick Shipmon (collectively, the "Derivative Plaintiffs"), respectfully move this Court for an order enlarging the time to respond to the United States' motion to dismiss the complaint in this action until the deadline the Court sets for a response to the motion to dismiss the complaint in *Fairholme Funds, Inc. et. al. v. United States*, No. 1:13-cv-00465-MMS ("*Fairholme*"), which the Court has coordinated with this action.

Additionally, in response to the Court's February 3, 2014 order (Dkt. No. 21) asking the Derivative Plaintiffs to advise the Court whether they intend to seek discovery

in aid of jurisdiction, Plaintiffs advise the Court that they do not intend to file their own motion seeking jurisdictional discovery at this time. Derivative Plaintiffs' decision not to file a separate motion for jurisdictional discovery is premised on the expectation that, in conformance with the Court's October 29, 2013 coordination order (Dkt. No. 14), Derivative Plaintiffs will have the benefit of any jurisdictional discovery the Court may grant in *Fairholme* and that any discovery the Government provides in *Fairholme* will be concurrently provided to Derivative Plaintiffs.

Pursuant to RCFC 6.1(b), Derivative Plaintiffs consulted with the Government regarding this motion for an enlargement of time and their decision not to file a separate motion for jurisdictional discovery, because they expect to receive any jurisdictional discovery that the Court permits in *Fairholme*. The Government does not oppose Plaintiffs' request for an enlargement of time. As of the time of this filing, the Government had not yet responded to Derivative Plaintiffs' request that any discovery in *Fairholme* be shared with the plaintiffs in *Fisher*.

## Procedural Background

On August 26, 2013, plaintiffs Bryndon Fisher and Bruce Reid filed a shareholder-derivative complaint on behalf of Fannie Mae in this Court, alleging that the Government's actions in connection with the Third Amendment to the Preferred Stock Purchase Agreement (the "Third Amendment") constituted an unlawful taking without just compensation in violation of the Fifth Amendment to the U.S. Constitution.

In its consolidation and coordination orders filed October 29, 2013 (Dkt. No. 14) and October 30, 2013 (Dkt. No. 16), the Court consolidated this action with *Shipmon v. United States*, No. 1:13-cv-00672-MMS, another shareholder-derivative action, and

coordinated the newly-consolidated derivative action with the class actions and individual actions filed on behalf of Fannie Mae and Freddie Mac shareholders challenging the Third Amendment. As part of these orders, the Court coordinated *Fisher* with *Fairholme* for discovery, motion practice, case management and scheduling, and other pretrial proceedings.

On December 2, 2013, Plaintiffs filed an Amended Consolidated Derivative Complaint. Dkt. No. 17. On January 23, following a thirty-six day enlargement of time to respond to the complaint, the Government moved to dismiss the Amended Consolidated Derivative Complaint. Dkt. No. 20. The Government had previously filed a similar motion to dismiss the operative complaint in *Fairholme*, as well as the class-action complaints in *Cacciapalle, et. al. v. United States*, No. No. 13-cv-00466-MMS ("*Cacciapalle*") and *Washington Federal, et. al. v. United States*, No. 13-cv-00385-MMS ("*Washington Federal*").

On December 20, 2013, plaintiffs in the *Fairholme* action filed a motion seeking jurisdictional discovery and a suspension of the briefing schedule for the Government's motion to dismiss pending the Court's decision on the discovery motion. *Fairholme*, Dkt. No. 22. On January 22, 2014, the Court granted the *Fairholme* plaintiffs' request to suspend the briefing schedule for the Government's motion to dismiss pending the Court's resolution of their motion for discovery. *Fairholme*, Dkt. No. 25.

On January, 7, 2014, the *Cacciapalle* plaintiffs also moved for an enlargement of time to respond to the Government's motion to dismiss until the later of (a) February 21, 2014 or (b) any deadline that is set in *Fairholme* for an opposition to the government's motion to dismiss in that case (including any deadline set after suspension of the

briefing schedule to allow time for discovery). *Cacciapalle*, Dkt. No. 43. On January 8, 2014, the Court granted the *Cacciapalle* plaintiffs' motion. Dkt. No. 44.

On February 3, 2014, the Court ordered the *Fisher* and *Washington Federal* plaintiffs to advise the Court by February 18, 2014 whether plaintiffs intend to seek discovery in aid of jurisdiction. Dkt. No. 21. Finally, on February 6, 2014, the Court, at the request of the Government, extended the Government's deadline to file a response to the *Fairholme* plaintiffs' motion for jurisdictional discovery until the date plaintiffs in *Fisher* and *Washington Federal* respond to the Court's February 3, 2014 order. *Fairholme*, Dkt. No. 29. If either party files a discovery motion, the Government's response to the *Fairholme* discovery motion would be due fourteen days after the filing of the *Fisher* and/or *Washington Federal* discovery motion(s). On February 7, 2013, plaintiffs in *Washington Federal* sought, and the Court ordered, a stay in that action concurrently with the stay entered in *Cacciapalle*. *Washington Federal*, Dkt. No. 43.

Under RCFC 7.2(b)(1), the Derivative Plaintiffs' response to the Government's motion to dismiss is currently due on February 24, 2014.

## Argument

In response to the Court's February 3, 2014 order, Derivative Plaintiffs do not intend to file a separate motion seeking jurisdictional discovery at this time. Derivative Plaintiffs' decision not to file their own discovery motion is predicated on the Court's October 29, 2013 order coordinating the *Fairholme* and *Fisher* actions for discovery, motion practice, case management and scheduling, and other pretrial proceedings. Accordingly, the Derivative Plaintiffs, while not filing a separate motion, expect to obtain and participate in any jurisdictional discovery the Court may grant in *Fairholme*,

including receiving any document production and participating in any depositions taken related to jurisdictional issues.

Derivative Plaintiffs therefore request an enlargement of time to respond to the Government's motion to dismiss in *Fisher* until the deadline the Court sets for a response to the motion to dismiss in *Fairholme*. The Court has already granted similar requests for an enlargement of time of time in *Cacciapalle* and *Washington Federal*, and Derivative Plaintiffs' request will further coordinate the deadlines for plaintiffs to respond in each of these actions.

The Derivative Plaintiffs, Class Plaintiffs, and *Fairholme* plaintiffs all advance claims based on the Third Amendment, and each set of plaintiffs assured the Court they would work to coordinate the discovery, briefing, and scheduling in their respective cases. Counsel for the Government likewise assured the Court that it would seek to coordinate discovery, briefing, and scheduling whenever possible. If the Court grants the *Fairholme* discovery motion, it would benefit all parties and the Court to coordinate the discovery and briefing schedules in the respective cases. This coordination would allow the Derivative Plaintiffs adequate time to review any discovery obtained in *Fairholme*, incorporate any such discovery in their response to the Government's motion to dismiss (where appropriate), and file briefs simultaneously with the Class Plaintiffs and *Fairholme*.

After Derivative Plaintiffs filed the Amended Consolidated Complaint, the Government obtained a thirty-six day enlargement of time to file their motion to dismiss. Dkt. No. 19. The motion to dismiss raises myriad complex and novel issues of law. Derivative Plaintiffs' proposal regarding scheduling would provide them with

adequate time to respond to the Government's motion, and the Government has indicated that it does not oppose Derivative Plaintiffs' request for an enlargement of time.

Therefore, Derivative Plaintiffs respectfully request that the Court enlarge the time for Plaintiffs to respond to the Government's motion to dismiss the complaint until the deadline the Court sets for a response to the motion to dismiss in *Fairholme*, following disposition of the pending motion for jurisdictional discovery in that case.

DATED: February 10, 2014                    SCHUBERT JONCKHEER & KOLBE LLP


                                            BY:      /s/ Robert C. Schubert
                                                  ROBERT C. SCHUBERT

                                            Robert C. Schubert
                                            Attorney of Record
                                            *rschubert@schubertlawfirm.com*

                                            Three Embarcadero Ctr Ste 1650
                                            San Francisco, CA 94111-4018
                                            Ph: 415-788-4220
                                            Fx: 415-788-0161


OF COUNSEL:                                 SCHUBERT JONCKHEER & KOLBE LLP

                                            Noah M. Schubert
                                            *nschubert@schubertlawfirm.com*

                                            Miranda P. Kolbe
                                            *mkolbe@schubertlawfirm.com*

                                            Three Embarcadero Ctr Ste 1650
                                            San Francisco, CA 94111-4018
                                            Ph: 415-788-4220
                                            Fx: 415-788-0161

**SHAPIRO HABER & URMY LLP**

Edward F. Haber
*ehaber@shulaw.com*

53 State Street
Boston, MA 02109
Ph: 617-439-3939
Fx: 617-439-0134

*Attorneys for Plaintiffs*