IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **Bryndon Fisher, Bruce Reid, and Erick Shipmon,** derivatively on behalf of **Federal National Mortgage Association**,<br><br>      Plaintiffs,<br><br>v.<br><br>**The United States of America,**<br><br>      Defendant,<br><br>and **Federal National Mortgage Association**,<br><br>      Nominal Defendant. | No. 1:13-cv-00608-MMS |
| **Bruce Reid and Bryndon Fisher**, derivatively on behalf of **Federal Home Loan Mortgage Association,**<br><br>      Plaintiffs,<br><br>v.<br><br>**The United States of America**,<br><br>      Defendant,<br><br>and **Federal Home Loan Mortgage Association**,<br><br>      Nominal Defendant. | No. 1:14-cv-00152-MMS |

**PLAINTIFFS BRYNDON FISHER, BRUCE REID, AND ERICK SHIPMON'S NOTICE OF SUPPLEMENTAL AUTHORITY**

— 1 —

Plaintiffs Bryndon Fisher, Bruce Reid, and Erick Shipmon ("Plaintiffs") in *Fisher v. Federal National Mortgage Association*, Case No. 1:13-cv-0608, and *Reid v. Federal Home Loan Mortgage Association*, Case No. 1:14-cv-00152, join in the Fairholme Funds' Notice of Supplemental Authority, filed in Court of Federal Claims, Case No. 13-465C, on September 9, 2019, notifying this Court and attaching a copy of a recent decision of the U.S. Court of Appeals for the Fifth Circuit, *Collins v. Mnuchin*, No. 17-20364 (5th Cir. Sept. 6, 2019) ("Op."), subject to the following qualifications.

Plaintiffs note that, while *Collins* held that the shareholders had standing under the Administrative Procedure Act to bring their direct claims (Op. at 45-46), it did not discuss or analyze the relevant law concerning the distinction between direct and derivative claims. And it did not determine that those claims could not be brought derivatively. Rather, under the Fifth Circuit's analysis, "any party that alleges the challenged action had caused them 'injury in fact,' and [that] the alleged injury was to an interest arguably within the zone of interests to be protected or regulated by the statutes that the agencies were claimed to have violated" would have standing to bring an APA claim. Op. at 23 (cleaned up). This would plainly encompass the companies themselves, on whose behalf Plaintiffs here allege derivative claims. The Fifth Circuit's decision therefore does not foreclose—and, in fact, its reasoning supports—that Plaintiffs here have standing to bring their derivative claims for takings, illegal exaction, and breach of fiduciary duty.

Moreover, *Collins*'s broader holding that HERA's succession provision is insufficiently clear to "deny review of constitutional claims" (Op. at 46) directly bears on this case. As the Fifth Circuit explained, "the succession provision does not cross-reference the Administrative Procedure Act's general rule that agency action is reviewable. It does not directly address

judicial review at all. This is not the kind of 'heightened showing' or 'clear and convincing evidence' required for Congress to deny review of constitutional claims." Op. at 46. Likewise, it does supplant the Tucker Act's rule providing for jurisdiction for Plaintiffs' constitutional claims in this Court. 28 U.S.C. § 1491(a)(1). *Collins* therefore further demonstrates that HERA's succession provision does not preclude Plaintiffs' constitutional claims.

Dated: September 20, 2019

Respectfully submitted,

/s/ Robert C. Schubert
Robert C. Schubert
Attorney of Record
SCHUBERT JONCKHEER & KOLBE LLP
rschubert@sjk.law
Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415-788-4220
Fx: 415-788-0161

*OF COUNSEL:*

SCHUBERT JONCKHEER & KOLBE LLP
Noah M. Schubert
nschubert@sjk.law
Miranda P. Kolbe
mkolbe@sjk.law
Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415-788-4220
Fx: 415-788-0161

SHAPIRO HABER & URMY LLP
Edward F. Haber
ehaber@shulaw.com
53 State Street Boston, MA 02109
Ph: 617-439-3939
Fx: 617-439-0134

*Attorneys for Plaintiffs*