IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRYNDON FISHER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 13-608 C |
| | ) | (Chief Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The United States respectfully submits this response to the Notice of Supplemental Authority (Notice, ECF No. 54) filed by plaintiffs, Bryndon Fisher, *et al.*, on September 20, 2019, which cited the Fifth Circuit's *en banc* decision in *Collins v. Mnuchin*, No. 17-20364 (5th Cir. Sept. 6, 2019) (en banc).[1]  These plaintiffs have styled their suit as a shareholder derivative action against the United States on behalf of Fannie Mae.

Although plaintiffs acknowledge in their Notice that the *Collins* court treated the Administrative Procedure Act (APA) and constitutional, separation-of-powers claims as direct—not derivative—claims, plaintiffs nonetheless argue that the *Collins* decision does not foreclose plaintiffs from bringing derivative claims in this Court.  Notice at 2.  Moreover, plaintiffs contend that that the *Collins* decision supports their argument that the succession provision in the Housing and Economic Recovery Act (HERA) does not bar judicial review of their alleged takings and/or illegal exaction derivative claims.  *Id.* at 2-3.  As an initial matter, on October 25,

---

[1] The *Fairholme*, *Rafter*, and *Reid* plaintiffs filed similar notices of supplemental authority attaching the *Collins* decision.  See *Fairholme Funds, Inc. v. United States*, No. 13-465C, ECF No. 439 (Sept. 9, 2019) (Fairholme Notice); *Rafter v. United States*, No. 14-740C, ECF No. 49 (Sept. 10, 2019) (Rafter Notice); *Reid v. United States*, No. 14-152C, ECF No. 40 (Sept. 20, 2019) (Reid Notice).

2019, the Government filed a petition seeking further review of *Collins* in the Supreme Court.²  In any event, the *Collins* rulings highlighted by plaintiffs in the Notice do not defeat the arguments presented in our motion to dismiss.

First, the *Collins* court's holding that the district court plaintiffs were pursuing direct (and not derivative) claims does not bolster plaintiffs' arguments that they may pursue derivative claims in this Court.  As plaintiffs acknowledge, the *Collins* court determined that the plaintiffs' claims were direct for purposes of their Article III standing to: (1) bring a cause of action under the Administrative Procedure Act; or (2) challenge a Government action that allegedly violates the separation-of-powers doctrine.  *Collins*, slip op. at 22-25, 45-46; Notice at 2.  At the same time, the *Collins* court agreed with the Seventh Circuit and D.C. Circuit that FHFA succeeded to shareholder derivative claims under HERA's succession clause.  *See Collins*, slip op. at 22 n.89 (citing *Roberts v. FHFA*, 889 F.3d 397, 408 (7th Cir. 2018); *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 624 (D.C. Cir. 2017)).  Thus, contrary to plaintiffs' suggestion, Notice at 2, the *Collins* court agreed with the basic principle that shareholders have no standing to assert derivative claims on Fannie Mae's behalf in the first place.  *See Collins*, slip op. at 22.

Moreover, contrary to plaintiffs' assertion, *Collins* does not support the argument that plaintiffs possess standing to bring derivative constitutional claims on Fannie Mae's behalf.  The *Collins* court determined that HERA does not bar *direct* constitutional, separation-of-powers claims, but did not address whether the succession clause permits shareholders to bring *derivative* constitutional claims, as plaintiffs allege here.  *See Collins*, slip op. at 45-46.

---

² The plaintiffs in *Collins*, who are represented by the same counsel as counsel for plaintiffs in *Fairholme Funds, Inc. v. United States*, No. 13-465C (Fed. Cl.), have already filed their own petition for certiorari seeking review of the constitutional ruling and related remedy issues in *Collins*.  *See Collins v. Mnuchin*, No. 19-422 (U.S. S. Ct. filed Sept. 25, 2019).

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Director

OF COUNSEL:

ELIZABETH M. HOSFORD
FRANKLIN E. WHITE, JR.
Assistant Directors

ERIC E. LAUFGRABEN
Senior Trial Counsel

MARIANA T. ACEVEDO
RETA E. BEZAK
Trial Attorneys

s/Kenneth M. Dintzer
KENNETH M. DINTZER
Deputy Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0385
Facsimile:  (202) 307-0973
Email: Kenneth.Dintzer@usdoj.gov

November 4, 2019

Attorneys for Defendant