# In the United States Court of Federal Claims

Nos. 13-608C and 13-672C
(Filed: February 20, 2020)

```
*************************************
BRYNDON FISHER et al.,                *
                                      *
            Plaintiffs,               *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
            Defendant.                *
*************************************
```

**<u>ORDER</u>**

      The parties have completed briefing on the omnibus motion to dismiss filed in the above-captioned case and eleven other cases concerning the government's treatment of Fannie Mae and Freddie Mac. After briefing was completed, the court issued an opinion in one of those cases—<u>Fairholme Funds, Inc. v. United States</u>, 13-465C. The court, in the interest of conserving party and judicial resources, then stayed consideration of defendant's motion in this case pending a determination of further proceedings in <u>Fairholme</u>. The parties in <u>Fairholme</u> recently indicated that they will be moving for certification of an interlocutory appeal.

      An interlocutory appeal in <u>Fairholme</u> is likely to address (if not resolve) issues that are germane to the parties in the instant case because of the similarities between the two complaints.[1] Although plaintiffs in this case may want the opportunity to pursue their own appeal at the same time as any interlocutory appeal in <u>Fairholme</u>, the court is unlikely to issue a ruling on defendant's motion to dismiss in this case prior to such an interlocutory appeal. The parties stipulating to the effects of this court's motion-to-dismiss ruling in <u>Fairholme</u> on plaintiffs' similar claims, however, would facilitate a more expeditious ruling.[2] For example, without

---

[1] The instant complaint and the <u>Fairholme</u> complaint share significant commonalities in terms of allegations and claims. Indeed, defendant moved to dismiss both complaints with the same motion, and the plaintiffs in this case and the related cases collaborated in a joint oral argument.

[2] This process is especially apt here given that the court considered plaintiffs' arguments when addressing similar issues in <u>Fairholme</u>. <u>Fairholme Funds, Inc. v. United States</u>, 146 Fed. Cl. 17, 38 (2019) ("[T]he court infers that the plaintiffs in [<u>Fairholme</u>] have adopted the favorable arguments made by the plaintiffs in the related cases to the extent such arguments are relevant.").

waiving any appellate rights, the parties could jointly stipulate that the court grant defendant's motion to dismiss with respect to count X for the reasons set forth in the Fairholme opinion and deny the motion with respect to count Y for the reasons stated in the Fairholme opinion. Thus, the court requests that the parties file a joint status report **by no later than Tuesday, February 25, 2020,** in which they state whether they would be willing to provide (or at least discuss with each other) such stipulations. If the parties are willing to consider such stipulations, they should either include the stipulations in their status report or propose a prompt deadline for filing another joint status report in which they will make their stipulations.[3]

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge

---

[3] When proposing a deadline (if any), the parties should be cognizant of the fact that briefing on whether to certify an interlocutory appeal in Fairholme is scheduled to finish by March 4, 2020, and the court intends to rule promptly on any such motions in that case.