IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **Bryndon Fisher**, **Bruce Reid**, and **Erick Shipmon**, derivatively on behalf of **Federal National Mortgage Association**,<br><br>      Plaintiffs,<br> v.<br><br>**The United States of America**,<br><br>      Defendant,<br><br>and **Federal National Mortgage Association**,<br><br>      Nominal Defendant. | No. 13-608C<br>(Judge Sweeney) |
| **Bruce Reid** and **Bryndon Fisher**, derivatively on behalf of **Federal Home Loan Mortgage Corporation**,<br><br>      Plaintiffs,<br> v.<br><br>**The United States of America**,<br><br>      Defendant,<br><br>and **Federal Home Loan Mortgage Corporation**,<br><br>      Nominal Defendant. | No. 14-152C<br>(Judge Sweeney) |

1

**DERIVATIVE PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO LIFT STAY**

The pending interlocutory appeal in *Fairholme* will resolve multiple issues that may be dispositive with respect to Derivative Plaintiffs' claims. Because it would prejudice Derivative Plaintiffs to force them to rely on the *Fairholme* plaintiffs—who may face a conflict of interest with regard to their derivative claims—this Court should grant Derivative Plaintiffs' motion to lift the stay in order to protect their interests on appeal.

Derivative Plaintiffs are the only parties in these related actions who have consistently asserted that claims arising out of the Government's Net Worth Sweep of Fannie Mae's and Freddie Mac's profits are derivative, not direct, claims. By contrast, for approximately five years, the *Fairholme* plaintiffs advocated that the Government only owes them compensation for the direct damages they sustained as the Enterprises' shareholders. It was not until March 8, 2018, after multiple courts of appeals had ruled that these claims were derivative, that the *Fairholme* plaintiffs added an individual plaintiff in an amended complaint who asserted derivative claims in the alternative.

Nonetheless, the *Fairholme* plaintiffs have primarily advocated for their direct claims, which are brought by major institutional investors, in their briefs and argument to this Court. That is certainly their right. Counsel for the *Fairholme* plaintiffs are experienced and well-respected attorneys, and we in no way seek to impugn their ability to adequately and vigorously represent their clients. However, *Fairholme* counsel's simultaneous representation of both an individual plaintiff suing derivatively on behalf of the Enterprises and large institutional investors suing directly for their own damages creates an inherent conflict of interest on appeal. *See*, *e.g.*, *St. Clair Shores Gen. Emples. Ret. Sys. v. Eibeler*, No. 06-cv-088, 2006 U.S. Dist. LEXIS 72316,

2

\*23 (S.D.N.Y. Oct. 4, 2006) ("[P]laintiffs attempting to advance derivative and direct claims in the same action face an impermissible conflict of interest …."); *Ryan v. Aetna Life Ins. Co.*, 765 F. Supp. 133, 135–37 (S.D.N.Y. 1991) (party is "subject to a conflict of interest in pursuing both direct and derivative claims," given inconsistent proof required for each claim). Moreover, the conflict is potentially even more acute here, because the large institutional investors in *Fairholme* may achieve a greater benefit through their direct claims, rather than Mr. Barrett's derivative claims through which any recovery would be returned to the Enterprises. This conflict among the plaintiffs and between the claims in *Fairholme* makes them less than ideal to represent both groups (and make both arguments) on appeal.

The Government's response to Derivative Plaintiffs' motion to lift the stay does not meaningfully engage this critical issue: the potential conflict among the *Fairholme* plaintiffs and the implications that conflict poses for potentially dispositive issues in the Derivative Plaintiffs' actions. Rather, the Government asserts that Derivative Plaintiffs "merely speculate that the *Fairholme* plaintiffs might inadequately represent their legal interests" and merely "assume that *Fairholme* counsel will prioritize their direct claims at the expense of their derivative claims." Def. Opp. at 7.

Derivative Plaintiffs' concerns are not mere speculation. Rather, the record in these cases demonstrates that they are legitimate. Only one of the current *Fairholme* plaintiffs, Andrew T. Barrett, asserts a derivative claim (on behalf of Fannie Mae); the other twelve *Fairholme* plaintiffs assert only direct claims. *Fairholme Funds, Inc. v. United States*, Dkt. No. 422 ¶¶ 19-31, 166-287. Mr. Barrett was not named as a plaintiff in the original *Fairholme* complaint. Rather, it appears that Mr. Barrett was added as a plaintiff so that counsel for *Fairholme* could continue to prosecute

its case in the event that the Court determined that its claims were derivative, not direct. *Fairholme Funds, Inc. v. United States*, Dkt. No. 1. The remaining *Fairholme* plaintiffs are each investment funds and insurance companies with substantial holdings in Fannie Mae. These large investor plaintiffs would likely benefit more from a direct recovery (which would directly provide them with individual damages or settlement payments) than a derivative recovery (which would be paid to the Enterprises and benefit shareholders only indirectly and equally).

The litigation of the related cases demonstrates the conflict that the *Fairholme* plaintiffs face. In particular, the argument on the Government's motion to dismiss reflected the priorities of the individual parties in each of the actions. For example, counsel for *Cacciapalle*, who argued the question of whether the claims were direct or derivative on behalf of all the direct plaintiffs, including *Fairholme*, stated: "[T]he claims we've pled as direct, are, in fact, direct." 11/25/19 Tr. at 180:14:17. Direct Plaintiffs then proceeded to explain, at length, why the claims that lie at the core of the related cases are direct, rather than derivative. *Id.* at 180:9-189:4. Although Direct Plaintiffs argued that there were derivative claims too, that argument was simply an afterthought, even though *Fairholme* itself had amended its complaint to assert derivative claims in the alternative. *See id.* at 189:1–189:4 ("I think it's crystal clear they are direct claims."). As Direct Plaintiffs explained on behalf of *Fairholme*, "The central property right at issue here … are the rights of both the junior preferred and the common shareholders to receive dividends or distributions. … I want to emphasize that's the centerpiece." *Id.* at 314:5–315:6. As previewed in their motion for interlocutory appeal, the "centerpiece" of the *Fairholme* plaintiffs' appeal will likewise be the direct claims that Fairholme's institutional investors assert, not Mr. Barrett's alternatively pled derivative claims.

By contrast, in both their supplemental brief opposing the Government's motion to dismiss and at oral argument, Derivative Plaintiffs were able to fully advocate, without conflict, that claims arising from the Net Worth Sweep are derivative. Notably, counsel for Mr. Barrett—the sole *Fairholme* plaintiff asserting derivative claims—chose not to separately defend those claims either in his supplemental brief or at the Court's hearing. Rather, it was Derivative Plaintiffs who argued that all of the claims—including Mr. Barrett's—were properly derivative. If Derivative Plaintiffs are now required to rely on the *Fairholme* plaintiffs to advocate that the claims are derivative on appeal, they would face substantial prejudice as a result of this inherent conflict of interest.

The Government's position—that Derivative Plaintiffs should participate only as *amici* before the Federal Circuit—is inadequate. This circumscribed role would not enable Derivative Plaintiffs to frame the issues, fully brief them as parties, or participate in oral argument. Nor does the Government state that it would not oppose Derivative Plaintiffs from moving for leave to intervene in the Federal Circuit, which would allow Derivative Plaintiffs to fully participate as parties in the litigation on appeal. Yet, the Federal Circuit's decision in *Fairholme* could be dispositive of Derivative Plaintiffs' claims. That would not be fair or just.

Lifting the stay, denying the Government's motion to dismiss *Fisher* and *Reid*, in light of the Court's decision in *Fairholme*, and then certifying that denial for interlocutory review would protect the interests of Derivative Plaintiffs, without any prejudice to the Government. This would allow Derivative Plaintiffs to file a petition for review in the Federal Circuit, which, if granted, could be coordinated or consolidated with *Fairholme* as appropriate.

This Court's handling of the motion to dismiss presents a roadmap of how an appeal could proceed both efficiency and fairly. The plaintiffs' arguments in this and the related actions were the product of close coordination among counsel in each case. Counsel for each of the related cases participated in and contributed to the briefing on the motion to dismiss, ensuring that the omnibus brief did not advantage the positions of some plaintiffs over others and affording counsel for each case the opportunity to present supplemental arguments and briefs. Derivative Plaintiffs, in particular, were key participants in this collaborative process, ensuring a vigorous defense of the derivative claims, including the critical issue of whether these claims were barred by HERA's succession clause. That argument will likewise likely be the linchpin of the derivative claims on appeal, and Derivative Plaintiffs are best-suited to argue and brief it on appeal (just as they did in this Court).

Finally, the Government is wrong that Derivative Plaintiffs cannot show any *unique* harm because any ruling on appeal would apply equally to all shareholders. That is exactly the point. One of the core issues on appeal is whether claims arising from the Net Worth Sweep are direct or derivative, and there is every reason to believe the Federal Circuit will resolve that issue. If the Federal Circuit decides that the claims are derivative, then plaintiffs asserting only a direct claim will likely be out of court; if the Federal Circuit decides the claims are direct, then plaintiffs asserting only derivative claims will likewise likely be out of court. In other words, the Federal Circuit's decision may very well be dispositive with respect to Derivative Plaintiffs' claims. It would therefore be unjust and prejudicial to allow only Fairholme to litigate that dispositive issue.

In short, there is no "pressing need" for a stay, particularly given the substantial prejudice caused by the conflict of interest the *Fairholme* plaintiffs and their counsel face in

simultaneously litigating an appeal of both direct and derivative claims. *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413 (Fed. Cir. 1997); *see also St. Clair Shores*, 2006 U.S. Dist. LEXIS 72316, at *23. If anything, the pressing need is for the derivative claims to be zealously defended on appeal by counsel free from any potential conflicts.

## Conclusion

For the foregoing reasons and those set forth in their initial memorandum, Derivative Plaintiffs request that this Court (1) lift its stay of consideration of the Government's omnibus motion to dismiss in the *Fisher* and *Reid* actions; (2) deny the Government's motion to dismiss in these actions in light of its decision in *Fairholme*; and (3) certify *Fisher* and *Reid* for interlocutory appeal so they may coordinated with *Fairholme* in the Federal Circuit.

| | |
|---|---|
| DATED: March 25, 2020 | **SCHUBERT JONCKHEER & KOLBE LLP**<br><br>BY: /s/ Robert C. Schubert<br><br>Robert C. Schubert<br>Attorney of Record<br>*rschubert@sjk.law*<br><br>Three Embarcadero Ctr Ste 1650<br>San Francisco, CA 94111-4018<br>Ph: 415.788.4220<br>Fx: 415.788.0161 |
| OF COUNSEL: | **SCHUBERT JONCKHEER & KOLBE LLP**<br><br>Noah M. Schubert<br>*nschubert@sjk.law*<br><br>Miranda P. Kolbe<br>*mkolbe@sjk.law*<br><br>Three Embarcadero Ctr Ste 1650<br>San Francisco, CA 94111-4018<br>Ph: 415.788.4220<br>Fx: 415.788.0161<br><br>**SHAPIRO HABER & URMY LLP**<br><br>Edward F. Haber<br>*ehaber@shulaw.com*<br><br>2 Seaport Lane<br>Boston, MA 02210<br>Ph: 617.439.3939<br>Fx: 617.439.0134<br><br>*Attorneys for Plaintiffs* |

8