IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRYNDON FISHER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 13-608C |
| v. | ) ) ) | (Chief Judge Sweeney) |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |
| BRUCE REID, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14-152C |
| v. | ) ) ) | (Chief Judge Sweeney) |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY THE COURT'S MAY 8, 2020 DECISION FOR INTERLOCUTORY APPEAL

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims, the United States respectfully submits this response to *Fisher* and *Reid* plaintiffs' (Derivative Plaintiffs) motion for certification of the Court's May 8, 2020 decision, which denied the United States' omnibus motion to dismiss. Derivative Plaintiffs' motion should be denied because the two questions for which they seek certification are identical to two questions that this Court already certified in a related suit, *Fairholme Funds, Inc. v. United States*, 147 Fed. Cl. 126, 131 (2020), and Derivative Plaintiffs would advance the same arguments as the *Fairholme* plaintiffs with respect to those questions. Thus, because *re*-certifying those questions in *Fisher* and *Reid* would provide the Court with no more guidance or insight from the Federal Circuit than it would

receive if the Federal Circuit grants the United States' interlocutory-appeal petition in *Fairholme*, Derivative Plaintiffs' motion should be denied.

## ARGUMENT

Pursuant to 28 U.S.C. § 1292(d)(2), this Court may certify an order for interlocutory appeal when (1) the order involves "a controlling question of law"; (2) "with respect to which there is a substantial ground for difference of opinion"; and (3) "an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2); *Fairholme Funds, Inc.*, 147 Fed. Cl. at 130. The rationale behind certifying questions for interlocutory appeal is judicial economy: interlocutory appeal may permit the Court and parties to avoid protracted and expensive litigation that could be resolved through immediate appellate review. *Id.*; *see also Coast Fed. Bank, FSB v. United States*, 49 Fed. Cl. 11, 14-15 (2001); *Laturner v. United States*, 135 Fed. Cl. 501, 503-04 (2017). Requests for certification are typically made by an adversely-affected party. *See generally Laturner v. United States*, 933 F.3d 1354, 1360 (Fed. Cir. 2019) (granting the United States' interlocutory-appeal petitions seeking review of adverse summary-judgment decisions). Few litigants seek appellate review of favorable rulings because "[a] party that receives all it has sought generally is not aggrieved by the judgment and cannot appeal from it." *Intellectual Property Dev. Inc. v. TCI Cabletelevision of Cal.*, 248 F.3d 1333, 1339 (Fed. Cir. 2001).

In this case, although the two questions for which Derivative Plaintiffs seek certification constitute (1) controlling questions of law with respect to which (2) there is a substantial ground for difference of opinion, because the Court already certified these questions in *Fairholme*, re-certification of them would not (3) "materially advance the ultimate termination of the

litigation." 28 U.S.C. § 1292(d)(2). Because Derivative Plaintiffs fail to meet all statutory criteria for certification, their motion should be denied.

In *Fairholme*, the Court determined that certification would "materially advance the termination of the litigation because a definitive ruling on the issues identified by the parties will offer clear guidance on the materially similar claims in seventeen related cases pending before the [Court]." *Fairholme Funds, Inc.*, 147 Fed. Cl. at 130. Specifically, with respect to the derivative claims, the Court explained that "the parties will likely begin costly discovery that would be unnecessary if an appellate court reverses this court's decision that it possesses jurisdiction over the derivative claims." *Id.* Thus, in certifying questions in *Fairholme*, the Court contemplated that the Federal Circuit's rulings would apply in all of the Fannie Mae and Freddie Mac (Enterprises) shareholder litigation pending in the Court—not just in *Fairholme*. Indeed, this rationale is especially relevant with respect to any derivative claims because, as Derivative Plaintiffs acknowledge, the Enterprises are the real plaintiffs-in-interest and the Federal Circuit would be adjudicating *their* rights—not the rights of any particular shareholder. Pl. Mot. at 6, 8. Thus, although Derivative Plaintiffs contend that certifying the same question in multiple suits for interlocutory appeals may be "entirely proper" in some cases, they fail to show why doing so would be proper here. *Id.* at 7 (citing cases).

At bottom, Derivative Plaintiffs' request for interlocutory review of favorable rulings is apparently motivated by their concern that the *Fairholme* plaintiffs and their counsel will advocate for their direct claims in the Federal Circuit at the expense of their derivative claims. *Id.* at 1, 6, 8. Because the *Fairholme* plaintiffs and their counsel have alleged both direct and derivative claims, Derivative Plaintiffs contend that the *Fairholme* plaintiffs "may face a significant conflict of interest." *Id.* at 7. Accordingly, Derivative Plaintiffs contend that that

they must be able to "participate in an appeal" to ensure that the "voices of the plaintiffs that assert derivative claims are fully heard[,] rather than relying upon the *Fairholme* plaintiffs and their counsel . . . to make that case." *Id.* at 6.

As an initial matter, notwithstanding any purported conflict-of-interest, Derivative Plaintiffs and the *Fairholme* plaintiffs have made the same substantive arguments with respect to the derivative claims. *See*, *e.g.*, Pls. Omnibus Opp. to U.S. Mot. to Dismiss at App'x A, *Fisher v. United States*, No. 13-608C (Fed. Cl. Nov. 2, 2018), ECF No. 46. Derivative Plaintiffs' arguments will thus be presented to the Federal Circuit if the United States' interlocutory-appeal petition in *Fairholme* is granted. In any event, Derivative Plaintiffs will have ample opportunity to participate in an interlocutory appeal (if granted) as *amicus curiae*. Although they contend that such participation would be inadequate, *id.* at 9 n.2, as *amicus*, Derivative Plaintiffs would be free to present any substantive arguments they believe merit attention or explanation with respect to questions this Court has already certified in *Fairholme*. Accordingly, no basis exists to re-certify those questions here.

## CONCLUSION

For these reasons, Derivative Plaintiffs' motion should be denied.

|  | Respectfully submitted, |
|---|---|
|  | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | s/Robert E. Kirschman, Jr.<br>ROBERT E. KIRSCHMAN, JR.<br>Director |
|  | s/Kenneth M. Dintzer |
| ELIZABETH M. HOSFORD<br>FRANKLIN E. WHITE, JR.<br>Assistant Directors | KENNETH M. DINTZER<br>Deputy Director<br>Commercial Litigation Branch<br>Civil Division |
| ERIC E. LAUFGRABEN<br>Senior Trial Counsel | U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station |
| MARIANA T. ACEVEDO<br>RETA E. BEZAK<br>Trial Attorneys | Washington, DC 20044<br>Telephone: (202) 616-0385<br>Facsimile:  (202) 307-0973<br>Email:     Kenneth.Dintzer@usdoj.gov |
| June 1, 2020 | Attorneys for Defendant |