## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRYNDON FISHER, *et al.*, | |
|                Plaintiffs, | |
|  v. | No. 13-608C |
| | (Judge Sweeney) |
| THE UNITED STATES, | |
|                Defendant. | |
| | |
| BRUCE REID, *et al.*, | |
|                Plaintiffs, | |
|  v. | No. 14-152C |
| | (Judge Sweeney) |
| THE UNITED STATES, | |
|                Defendant. | |

### *FAIRHOLME* PLAINTIFFS' AMICUS BRIEF IN SUPPORT OF NEITHER PARTY

In asking the Court to certify interlocutory appeals in their cases, the *Fisher*/*Reid* Plaintiffs make the serious allegation that the *Fairholme* Plaintiffs "face a significant conflict of interest" because they challenge the Net Worth Sweep on both derivative and direct grounds. Motion to Certify Interlocutory Appeal at 7 (May 18, 2020) (hereinafter "Mot."). This allegation is both legally and factually baseless, and the Court should give it no weight when ruling on the *Fisher*/*Reid* Plaintiffs' motion.

The *Fisher*/*Reid* Plaintiffs say that litigants who bring both direct and derivative claims are subject to "an inherent conflict" of interest, Mot. 8, but "[t]he case law is virtually unanimous in holding that one counsel can represent a stockholder bringing *both* an individual *and* a derivative action," *In re Dayco Corp. Derivative Sec. Litig.*, 102 F.R.D. 624, 630 (S.D. Ohio 1984). The ability of a plaintiff to simultaneously sue on direct and derivative grounds is "well settled."

1

*Srebrik v. Dean*, No. 05-cv-01086, 2006 WL 2457386, at *2 (D. Colo. Aug. 22, 2006). It is "the prevailing view" "in most circuits" that direct and derivative claims do not inherently conflict, *Carter v. Cole Holdings Corp.*, No. CV-13-00629, CV-13-00712, 2013 WL 12374922, at *3–4 (D. Ariz. Oct. 22, 2013), and that is "the better reasoned and predominant rule of law," *Keyser v. Commonwealth Nat'l Fin. Corp.*, 120 F.R.D. 489, 492 (M.D. Pa. 1992). Federal courts throughout the United States follow this rule. *See, e.g.*, *Meritage Homeowners' Ass'n v. Bank of New York Mellon*, No. 6:16-cv-00300, 2018 WL 1787183, at *11 (D. Or. Apr. 13, 2018); *In re Corinthian Colleges, Inc. Shareholder Deriv. Litig.*, No. SA CV 10-1597, 2012 WL 8502955 (C.D. Cal. Jan. 30, 2012); *Natomas Gardens Inv. Grp. LLC v. Sinadinos*, No. CIV.S-08-2308, 2009 WL 1363382, at *15 (E.D. Cal. May 12, 2009); *Dollens v. Zionts*, No. 01 C 5931, 01 C 2826, 2001 WL 1543524, at *3 (N.D. Ill. Dec. 4, 2001); *First Am. Bank & Trust by Levitt v. Frogel*, 726 F. Supp. 1292, 1298 (S.D. Fla. 1989).

Without mentioning the overwhelming authority that rebuts their position, the *Fisher/Reid* Plaintiffs cite two Southern District of New York cases for the proposition that "plaintiffs attempting to advance derivative and direct claims in the same action face an impermissible conflict of interest." Mot. at 8 (quoting *St. Clair Shores Gen. Employees Ret. Sys. v. Eibeler*, 2006 WL 2849783, at *7–8 (S.D.N.Y. Oct. 4, 2006) (alteration omitted)); *see also Ryan v. Aetna Life Ins. Co.*, 765 F. Supp. 133, 135–37 (S.D.N.Y. 1991). But those cases are readily distinguished. *St. Clair* concerned a motion to stay proceedings so that corporate management could investigate the shareholders' claims; the court did not decide the ultimate issue of whether a conflict of interest existed. *See* 2006 WL 2849783, at *8. In *Ryan*, the court found a conflict of interest in part because the plaintiffs sought to press derivative claims on behalf of the corporation that were predicated on factual allegations that were inconsistent with facts they needed to establish to prove their direct

claims. *See* 765 F. Supp. at 136 (observing that "proof of certain of the allegations may be inconsistent with other claims"). Despite broad dicta that is contrary to the rule applied by numerous other federal courts, neither case squarely held that there is a *per se* rule against simultaneously pressing both direct and derivative claims.

At least outside the Southern District of New York, federal courts "look behind the surface duality of the two types of actions" and allow the same plaintiff to press both direct and derivative claims "unless an actual conflict emerges." *In re Tarczynski*, No. CC-14-1307, 2015 WL 728410, at *6 (B.A.P. 9th Cir. Feb. 19, 2015). The Net Worth Sweep cases pending before this Court illustrate the wisdom of that approach. The same misconduct sometimes gives rise to *both* direct and derivative claims, *see, e.g.*, *Gentile v. Rossette*, 906 A.2d 91, 102–03 (Del. 2006), and there is nothing inconsistent about pressing both types of claims under the circumstances presented here. Indeed, the only reason for disagreement between the *Fisher*/*Reid* Plaintiffs and the *Fairholme* Plaintiffs is that the *Fisher*/*Reid* Plaintiffs opted to foreswear potentially meritorious direct claims.

Apparently recognizing that there is no *per se* rule against pressing both direct and derivative claims in a single lawsuit, the *Fisher*/*Reid* Plaintiffs suggest that there is a conflict because some of the *Fairholme* Plaintiffs are institutional investors, and those investors have brought only direct claims. Mot. at 7–8. But the *Fairholme* Plaintiffs' position is that both their direct and their derivative claims are meritorious, and there is no reason why the direct claims must fail at the pleading stage for the derivative claims to go forward. Certainly nothing in the *Fairholme* Plaintiffs' conduct to date suggests that on appeal they will favor their direct claims to the prejudice of their derivative claims. Regarding the issue on which the *Fisher*/*Reid* Plaintiffs say the divergence of interests between direct and derivative plaintiffs is "most acute," Mot. at 2—whether plaintiffs may assert derivative claims notwithstanding HERA's succession clause—the

*Fairholme* Plaintiffs made all the same arguments to this Court that were made by the *Fisher*/*Reid* Plaintiffs. Indeed, while the *Fisher*/*Reid* Plaintiffs describe themselves as "key participants" in the preparation of the plaintiffs' omnibus briefing on this issue, Mot. at 10, their "key" contribution was simply to draft a few pages recycling arguments that were first developed and advanced by the *Fairholme* Plaintiffs' counsel in other cases. *Compare* Omnibus Motion to Dismiss Response at 25–31 (Nov. 2, 2018) *with* Reply Brief of Plaintiffs-Appellants at 24–26, *Collins v. Mnuchin*, No. 17-20364 (5th Cir. Sept. 22, 2017).

At oral argument, counsel for the *Fisher*/*Reid* Plaintiffs said that, except when otherwise noted, he was "speaking for all the Plaintiffs with derivative claims," Tr. 189:21–22 (Nov. 19, 2019), and it comes with poor grace for the *Fisher*/*Reid* Plaintiffs to now assert that the *Fairholme* Plaintiffs "chose not to defend" their derivative claims "at oral argument." Mot. at 3–4. The *Fisher*/*Reid* Plaintiffs also imply that the *Fairholme* Plaintiffs joined in an argument by Mr. Hume, counsel for the plaintiffs in *Cacciapalle*, that all the claims in this litigation are in fact direct. Mot. at 3. But Mr. Hume made no such argument; in the quoted passage, he was "addressing *whether the claims that are pled as direct* are, in fact and in substance, direct." Tr. 180:2–4 (emphasis added). The *Fairholme* Plaintiffs' position is that the claims they pleaded as direct are direct and that the claims they pleaded as derivative are derivative. Mr. Hume, who represents different plaintiffs who only brought direct claims, did not and could not say otherwise.

Finally, the *Fisher*/*Reid* Plaintiffs imply that the *Fairholme* Plaintiffs are conflicted because they sought certification of an interlocutory appeal of this Court's ruling on their direct claims but did not affirmatively move for certification as to this Court's ruling on their derivative claims. Mot. at 4. But the *Fairholme* Plaintiffs did not oppose the Government's motion for certification of an interlocutory appeal of this Court's ruling on the derivative claims and in fact

responded to the Government's motion by identifying numerous subsidiary issues that they intend to press on appeal as alternative grounds for affirmance of this Court's ruling on the derivative claims. *See* Plaintiffs' Response to Defendant's Motion to Certify Interlocutory Appeal, Doc. 459, *Fairholme Funds, Inc. v. United States*, No. 13-465 (Fed. Cl. March 4, 2020).

The *Fairholme* Plaintiffs focused on the direct claims in their own motion to certify an interlocutory appeal because those are the claims that the Court dismissed. It is doubtful that the *Fairholme* Plaintiffs could have taken an interlocutory appeal from the parts of this Court's motion to dismiss ruling that were resolved in the *Fairholme* Plaintiffs' favor. *See Zurich Am. Ins. Co. v. O'Hara Reg'l Ctr for Rehab.*, 529 F.3d 916, 926 (10th Cir. 2008) ("We dismiss the interlocutory appeal as improvidently granted because prevailing parties generally lack standing to appeal a district court order."); *cf. Bailey v. Dart Container Corp. of Michigan*, 292 F.3d 1360, 1362 (Fed. Cir. 2002) (litigants may not file cross-appeals challenging trial court rulings in their favor). Regardless, neither the *Fairholme* Plaintiffs' appeal strategy nor any other action they have taken in this litigation supports the *Fisher*/*Reid* Plaintiffs' reckless and unfounded assertion that the *Fairholme* Plaintiffs are conflicted and will give their derivative claims short shrift on appeal.

Date:   June 1, 2020                              Respectfully submitted,

                                                   s/ Charles J. Cooper
*Of counsel*:                                      Charles J. Cooper
David H. Thompson                                  *Counsel of Record*
Vincent J. Colatriano                              COOPER & KIRK, PLLC
Peter A. Patterson                                 1523 New Hampshire Avenue, N.W.
Brian W. Barnes                                    Washington, D.C. 20036
COOPER & KIRK, PLLC                                (202) 220-9600
1523 New Hampshire Avenue, N.W.                    (202) 220-9601 (fax)
Washington, D.C. 20036                             ccooper@cooperkirk.com
(202) 220-9600
(202) 220-9601 (fax)