IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRYNDON FISHER et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | Nos. 13-608C & 13-672C <br> (Senior Judge Margaret M. Sweeney) |

JOINT STATUS REPORT

Pursuant to the Court's Order dated February 2, 2023 (ECF No. 91), the parties jointly and respectfully submit this joint status report regarding proceedings in these cases. Unfortunately, the parties have been unable to agree on the appropriate next steps in the cases. Accordingly, each party sets out it position below.

Plaintiffs, Bryndon Fisher et al.:

On May 8, 2020, this Court denied the Government's motion to dismiss in its entirety in this action and stayed the case pending the resolution of the interlocutory appeal before the Federal Circuit in *Fairholme*. ECF 80. Plaintiffs agree with the Government that those proceedings are now complete. However, in light of other related cases pending in other courts, Plaintiffs believe proceedings in this action should remain stayed.

In particular, there remains a certified class action (as well as an individual action) pending the U.S. District Court for the District of Columbia that concerns the same underlying factual allegations as this case. *See In Re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*, No. 1:13-mc-01288-RCL (D.D.C.) ("*In Re Fannie Mae/Freddie Mac*"). The Second Amended Consolidated Class Action and Derivative Complaint in that action was brought on behalf of preferred and common stockholders of Fannie

Mae and Freddie Mac based on the Government's imposition of the Net Worth Sweep of nearly all of Fannie's and Freddie's quarterly profits—the same underlying facts as this case. *Id.* at ECF 71. The complaint in *In Re Fannie Mae/Freddie Mac* alleges twelve claims, including both direct and derivative claims. On December 7, 2021, the district court certified three classes of Fannie and Freddie shareholders. *Id.* at ECF 139. That case went to trial on October 17, 2022 based on the claim that the Government breached the implied covenant of good faith and fair dealing in its stock certificates by imposing the Net Worth Sweep. That trial resulted in a hung jury and mistrial. The case is now set for a second trial, which is scheduled to begin on July 24, 2023.

In light of the continuing litigation concerning the same subject matter (the Net Worth Sweep) and the possibility it may impact proceedings in this case—either in this Court or on appeal in the Federal Circuit—Plaintiffs respectfully suggest that this Case should remain stayed. A continued stay would serve the interest of judicial economy and preserving the parties' (and the Court's) resources. Plaintiffs propose that the parties submit a further joint status report to the Court in this action within 30 days of final judgment in *In Re Fannie Mae/Freddie Mac*.

<u>Defendant, the United States</u>:

These consolidated cases have been pending in this Court for nearly a decade. In 2020, the Court denied the United States' motion to dismiss the claims in these cases but recognized that the claims advanced here would be the subject of appeals to the Federal Circuit in *Fairholme Funds, Inc. v. United States*, No. 13-465C, and other cases. *See* ECF No. 80. The Court stayed proceedings in these cases pending the outcome of interlocutory appeals of this Court's decision in *Fairholme*.

On February 22, 2022, the United States Court of Appeals for the Federal Circuit issued

its opinion and judgment in the *Fairholme* interlocutory appeals. *See Fairholme Funds, Inc. v. United States*, 26 F.4th 1274 (Fed. Cir. 2022), *cert. denied,* No. 22-100, 2023 WL 124023 (U.S. Jan. 9, 2023). The Federal Circuit affirmed this Court's dismissal of some of plaintiffs' claims and reversed the Court's decision not to dismiss the others, holding that all of plaintiffs' claims should be dismissed. *Id*. at 1305. The mandate issued on April 15, 2022. *Fairholme Funds, Inc. v. United States*, No. 13-465C, ECF No. 473.

The *Fairholme* appellants, among others, petitioned for a writ of certiorari from the Supreme Court. On January 9, 2023, the Supreme Court denied the petitions. *Fairholme Funds, Inc. v. United States*, No. 22-100 (U.S.), 2023 WL 124023 (U.S. Jan. 9, 2023); *see also Owl Creek Asia I, L.P. v. United States*, No. 22-97, 2023 WL 124020 (U.S. Jan. 9, 2023); *Cacciapalle v. United States*, No. 22-98, 2023 WL 124021 (U.S. Jan. 9, 2023); *Barrett v. United States*, No. 22-99, 2023 WL 124022 (U.S. Jan. 9, 2023).

The Federal Circuit's decision in *Fairholme* is binding on this Court, and expressly forecloses each of plaintiffs' claims in these cases. The Federal Circuit held that a shareholder derivative takings claim—which, like the claims here, is purportedly brought on behalf of Fannie Mae and Freddie Mac (the Enterprises)—failed to state a claim upon which this Court could grant relief. *Fairholme Funds, Inc.*, 26 F.4th at 1303 ("Because the Enterprises lacked the right to exclude the government from their net worth after the passage of HERA, and especially after the imposition of the conservatorship, they had no investment-backed expectation that the FHFA would protect their interests and not dilute their equity."). Likewise, the Federal Circuit rejected shareholder derivative illegal exaction claims, for the same reason and for the additional reason that Supreme Court precedent "makes clear that [shareholders] cannot plausibly allege an illegal exaction claim predicated on [the] contention that adopting the net worth sweep fell outside the

3

FHFA's statutory authority." *Id*. at 1304.  Additionally, the Federal Circuit held that this Court correctly found that it did not possess jurisdiction to entertain direct shareholder suits alleging a breach of fiduciary duty, *id*. at 1298-99, and that shareholders were collaterally estopped from pursuing derivative breach of fiduciary duty claims, *id*. at 1299-301.  Each of the claims that plaintiffs have advanced in this Court, therefore, are foreclosed by binding precedent.  Accordingly, these claims should be dismissed with prejudice.

      Plaintiffs instead ask that the Court again stay proceedings in these cases based on litigation in the United States District Court for the District of Columbia, with little justification other than that the cases share some of the same underlying facts.  Such a stay is entirely unwarranted, for several reasons.  First, although they spring from a similar set of underlying facts, the cases in district court are quite distinct from the cases before this Court.  The only remaining claim in the district court litigation is a direct claim by shareholder plaintiffs against FHFA and the Enterprises, alleging that those entities breached the implied covenant of good faith and fair dealing, which is alleged to be part of the contract between the Enterprises and the shareholders.  All other claims have been dismissed, and the United States is no longer a defendant.  *Perry Capital LLC. V. Mnuchin*, 864 F.3d 591, 622, 624 (DC Cir. 2017) (dismissing claims against Treasury and holding shareholder derivative claims barred by HERA).  Shareholders are seeking damages for themselves, not for the Enterprises.  Any judgment in those case would be against FHFA and the Enterprises, not against the United States.  There is no overlap between the claims in those cases and the derivative claims brought by plaintiffs in this Court on behalf of the Enterprises against the United States.

      Moreover, irrespective of the outcome of the district court litigation, plaintiffs' claims are foreclosed by binding Federal Circuit precedent, as we explain above.  This precedent is final

4

and requires dismissal of plaintiffs' claims in this Court regardless of the outcome of shareholder litigation in district court.

Finally, these cases have been pending before this Court for nearly a decade. Plaintiffs have had a full opportunity to litigate their claims. Now that these claims have been finally and decisively rejected, these cases, like *Fairholme* and others that remain pending before this Court, are ripe for dismissal.

Accordingly, the United States respectfully request that the Court reconsider its decision on the United States' motion to dismiss, ECF No. 42, and dismiss these cases with prejudice. Alternatively, if the Court determines that additional briefing is required, the United States respectfully requests that the parties propose a schedule for briefing a renewed motion to dismiss these cases, for the reasons we have previously articulated and based on the binding precedent in *Fairholme*.

|  |  |
|---|---|
|  | Respectfully submitted, |
| s/ Robert C. Schubert | BRIAN M. BOYNTON |
| ROBERT C. SCHUBERT | Principal Deputy Assistant Attorney General |
| *Counsel of Record for Plaintiffs* |  |
| SCHUBERT JONCKHEER & KOLBE LLP | PATRICIA M. McCARTHY |
| Three Embarcadero Ctr Ste 1650 | Director |
| San Francisco, CA 94111-4018 |  |
| (415) 788-4220 | s/ Elizabeth M. Hosford |
| (415) 788-0161 (fax) | ELIZABETH M. HOSFORD |
| rschubert@sjk.com | Assistant Director |
|  |  |
| *Of Counsel*: | s/ Anthony F. Schiavetti |
| Amber L. Schubert | ANTHONY F. SCHIAVETTI |
| Miranda P. Kolbe | Senior Trial Counsel |
| SCHUBERT JONCKHEER & KOLBE LLP | U.S. Department of Justice |
|  | Civil Division |
| Edward F. Haber | Commercial Litigation Branch |
| SHAPIRO HABER & URMY LLP | PO Box 480, Ben Franklin Station |
|  | Washington, D.C. 20044 |
| Counsel for Plaintiffs | Tel: (202) 305-7572 |
|  | anthony.f.schiavetti@usdoj.gov |

February 13, 2023                                   Attorneys For Defendant