IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **Bryndon Fisher**, **Bruce Reid**, and **Erick Shipmon**, derivatively on behalf of **Federal National Mortgage Association**,<br><br>          Plaintiffs,<br>  v.<br><br>**The United States of America**,<br><br>          Defendant,<br><br>and **Federal National Mortgage Association**,<br><br>          Nominal Defendant. | No. 13-608C<br>(Judge Sweeney) |
| **Bruce Reid** and **Bryndon Fisher**, derivatively on behalf of **Federal Home Loan Mortgage Corporation**,<br><br>          Plaintiffs,<br>  v.<br><br>**The United States of America**,<br><br>          Defendant,<br><br>and **Federal Home Loan Mortgage Corporation**,<br><br>          Nominal Defendant. | No. 14-152C<br>(Judge Sweeney) |

### Derivative Plaintiffs' Response to Show Cause Order

On February 15, this Court issued a Show Cause Order, ordering that plaintiffs Bryndon Fisher, Bruce Reid, and Erick Shipmon in the above-captioned actions ("Derivative Plaintiffs") show cause why their claims should not be dismissed and either file the parties' stipulation of voluntary dismissal or a brief addressing the concerns raised in the order. ECF 4. Derivative Plaintiffs respectfully submit this brief in response to the Show Cause Order.

The Court's Show Cause Order denied Derivative Plaintiffs' request to extend the stay in these two cases pending a final decision in *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*, No. 1:13-MC-1288-RCL (D.D.C. filed Nov. 18, 2013). The Court also asked Derivative Plaintiffs to consider whether future proceedings in these cases are viable in light of the Federal Circuit's binding decision in *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274 (Fed. Cir. 2022). Specifically, the Court asked Derivative Plaintiffs to "consider whether the arguments presented in a brief addressing this show cause order 'are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" ECF 4 at 3 (quoting RCFC 11(b)(2)).

Derivative Plaintiffs have now fully considered the Federal Circuit's decision in *Fairholme Funds*, the U.S. Supreme Court's decisions to deny certiorari in that and the related cases, and this Court's Show Cause Order. Although Derivative Plaintiffs believe that *Fairholme Funds* was wrongly decided, they recognize that the Federal Circuit's decision constitutes binding precedent that this Court must follow.[1]  As this Court explained, *Fairholme Funds* held that

---

[1] As Derivative Plaintiffs were not parties in any of the cases addressed in *Fairholme Funds*, that decision is not collateral estoppel or *res judicata* but instead is merely binding precedent.

1

derivative claims for breach of fiduciary duty were barred by collateral estoppel and claims for takings and illegal exactions under the Fifth Amendment to the U.S. Constitution could not proceed on the merits. *Fairholme Funds*, 26 F.4th at 1299-1304.

Accordingly, in light of this Court's decision denying a further stay in these cases, Derivative Plaintiffs acknowledge that the Federal Circuit's binding decision in *Fairholme Funds* requires this Court to dismiss the above-captioned actions. However, because they do not believe and do not agree that *Fairholme Funds* was correctly decided, Derivative Plaintiffs intend to seek initial *en banc* review of any dismissal of their complaints in the Federal Circuit and/or to file a petition for a writ of certiorari in the U.S. Supreme Court.

Although they recognize that *Fairholme Funds* requires the dismissal of their actions in this Court, Derivative Plaintiffs do not consent to any such dismissal and expressly preserve all appellate rights, including the right to appeal to the *en banc* Federal Circuit to overturn its decision in *Fairholme* and to seek certiorari and reversal in the U.S. Supreme Court.

DATED: March 15, 2023

SCHUBERT JONCKHEER & KOLBE LLP

BY: /s/ Robert C. Schubert

Robert C. Schubert
Attorney of Record
*rschubert@sjk.law*

2001 Union St Ste 200
San Francisco, CA 94123
Ph: 415.788.4220
Fx: 415.788.0161

OF COUNSEL:

**SCHUBERT JONCKHEER & KOLBE LLP**

Amber L. Schubert
*aschubert@sjk.law*

Miranda P. Kolbe
*mkolbe@sjk.law*

2001 Union St Ste 200
San Francisco, CA 94123
Ph: 415.788.4220
Fx: 415.788.0161

**SHAPIRO HABER & URMY LLP**

Edward F. Haber
*ehaber@shulaw.com*

2 Seaport Lane
Boston, MA 02210
Ph: 617.439.3939
Fx: 617.439.0134

*Attorneys for Plaintiffs*