IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRYNDON FISHER et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Nos. 13-608C & 13-672C |
| | ) (Senior Judge Margaret M. Sweeney) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S UNOPPOSED MOTION TO AMEND SCHEDULE

Pursuant to Rules 6(b), 6.1, and 7(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court amend the schedule it set in the show cause order it issued in this case, ECF No. 93, and previously amended, ECF No. 96, as follows below. This is our second request for an amendment to the scheduling order. Counsel for plaintiffs, Bryndon Fisher *et al*., has indicated that plaintiffs do not oppose our request.

On February 15, 2023, the Court entered an Order denying plaintiffs' request to continue the stay in this matter, lifting the stay, ordering plaintiffs to show cause why their claims should not be dismissed, and setting a schedule for briefing on that show cause filing. ECF No. 93 at 4. Pursuant to that schedule, plaintiffs filed their response to the show cause order on March 15, 2023. ECF No. 94.

Plaintiffs' response recognizes that the Federal Circuit's decision in *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274 (Fed. Cir. 2022), *cert. denied,* 143 S. Ct. 563 (2023), "constitutes binding precedent that this Court must follow" and "requires this Court to dismiss [this action]." ECF No. 94. Plaintiffs indicate, however, that they do not believe that *Fairholme* was correctly decided and intend to appeal a dismissal pursuant to that binding precedent, asking

the Federal Circuit to review such an appeal *en banc* and "to overturn its decision in *Fairholme*." *Id*. Plaintiffs additionally assert that they "were not parties in any of the cases addressed in *Fairholme Funds*," so "that decision is not collateral estoppel or *res judicata* but instead is merely binding precedent." *Id*. at 1 n.1.

The United States disagrees with plaintiffs' assertion that preclusion does not apply to bar their claims. Although we agree with plaintiffs that binding precedent in *Fairholme* requires dismissal of plaintiffs' complaint, we intend to demonstrate that preclusion principles also bar plaintiffs' claims.

Unfortunately, counsel for the United States recently sustained a serious injury that required surgical repair. Counsel is recovering well and anticipates a full and speedy recovery with minimal impact on these cases. However, some additional time is required to complete drafting and filing of the United States' motion to dismiss, following review by the agencies and internally within the Department of Justice.

Additionally, the change in the due date for the United States' response presents scheduling conflicts for plaintiffs, who require additional time to file their reply. Accordingly, the United States respectfully requests that the Court amend the briefing schedule as follows:

| | |
|---|---|
| June 16, 2023 | Defendant shall file its response to plaintiffs' brief in response to the Court's show cause order |
| July 21, 2023 | Plaintiff shall file any reply |

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA M. McCARTHY
        Director

| | |
|---|---|
| OF COUNSEL: | s/ Elizabeth M. Hosford |
| | ELIZABETH M. HOSFORD |
| FRANKLIN E. WHITE, JR. | Assistant Director |
| Assistant Director | |
| | s/ Anthony F. Schiavetti |
| RETA E. BEZAK | ANTHONY F. SCHIAVETTI |
| Senior Trial Counsel | Senior Trial Counsel |
| | U.S. Department of Justice |
| MARIANA T. ACEVEDO | Civil Division |
| Trial Attorney | Commercial Litigation Branch |
| | PO Box 480, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel: (202) 305-7572 |
| | anthony.f.schiavetti@usdoj.gov |
| May 31, 2023 | Attorneys For Defendant |