Nos. 13-608C & 13-672C
(Senior Judge Margaret M. Sweeney)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BRYNDON FISHER, *et al.,*

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

|  |  |
|---|---|
|  | BRIAN M. BOYNTON |
|  | Principal Deputy Assistant Attorney General |
|  |  |
|  | PATRICIA M. McCARTHY |
| OF COUNSEL: | Director |
|  |  |
| FRANKLIN E. WHITE, JR. | ELIZABETH M. HOSFORD |
| Assistant Director | Assistant Director |
|  |  |
| RETA E. BEZAK | s/ Anthony F. Schiavetti |
| Senior Trial Counsel | ANTHONY F. SCHIAVETTI |
|  | Senior Trial Counsel |
| MARIANA T. ACEVEDO | U.S. Department of Justice |
| Trial Attorney | Civil Division |
|  | Commercial Litigation Branch |
|  | PO Box 480, Ben Franklin Station |
|  | Washington, D.C. 20044 |
|  | Tel: (202) 305-7572 |
|  | anthony.f.schiavetti@usdoj.gov |
|  |  |
| June 16, 2023 | Attorneys For Defendant |

**TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

BACKGROUND .......................................................................................................... 1

ARGUMENT ................................................................................................................ 5

      I.      Res Judicata Principles – Issue And Claim Preclusion Generally
            And In Derivative Suits ............................................................................ 5

      II.     Plaintiffs' Derivative Constitutional Claims Are Precluded By
            *Fairholme Funds*........................................................................................ 8

      III.    Plaintiffs' Derivative Non-Constitutional Claim Is Precluded Both By
            *Fairholme Funds* And By The *Perry* Cases ....................................... 10

CONCLUSION ........................................................................................................... 11

i

# TABLE OF AUTHORITIES

## CASES

*Barrett. v. United States*,
    143 S. Ct. 563 (2023) ................................................................................................. 3

*Bowers Inv. Co., LLC v. United States*,
    695 F.3d 1380 (Fed. Cir. 2012) ................................................................................. 5

*Cacciapalle v. United States*,
    143 S. Ct. 563 (2023) ................................................................................................. 3

*Collins v. Yellen*,
    141 S. Ct. 1761 (2021) .......................................................................................... 9, 10

*Cottrell v. Duke*,
    737 F.3d 1238 (8th Cir. 2013) ................................................................................... 6

*Fairholme Funds, Inc. v. United States*,
    143 S. Ct. 563 (2023) ................................................................................................. 3

*Fairholme Funds, Inc. v. United States*,
    26 F.4th 1274 (Fed. Cir. 2022) ........................................................................ passim

*Fisher v. United States*,
    148 Fed. Cl. 478 (2020), *amended*, 149 Fed. Cl. 204 (2020) .................................... 7

*In re Sonus Networks, Inc, S'holder Derivative Litig*,
    499 F.3d 47 (1st Cir. 2007) ....................................................................................... 6

*Nathan v. Rowan*,
    651 F.2d 1223 (6th Cir. 1981) ................................................................................... 6

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ................................................................................................... 5

*Owl Creek Asia I, L.P. v. United States*,
    143 S. Ct. 563 (2023) ................................................................................................. 3

*Perry Capital LLC v. Lew*,
    70 F. Supp. 3d 208 (D.D.C. 2014) ........................................................................ 6, 9

*Perry Capital LLC v. Mnuchin*,
    864 F.3d 591 (D.C. Cir. 2017) .................................................................................. 7

*Ramos v. United States*,
  112 Fed. Cl. 79 (2013) ........................................................................................... 11

*Taylor v. Sturgell*,
  553 U.S. 892 (2008) ........................................................................................... 5, 9

*United States v. LTV Corp.*,
  746 F.2d 51 (D.C. Cir. 1984) .................................................................................. 6

## OTHER AUTHORITIES

18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and
  Procedure § 4435 (3d ed. 2019) ............................................................................. 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRYNDON FISHER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Nos. 13-608C & 13-672C |
| | ) | (Senior Judge Margaret M. Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Pursuant to the Court's Order dated February 15, 2023, ECF No. 93, as well as its orders dated March 31, 2023, ECF No. 96, and May 31, 2023, ECF No. 98, defendant, the United States, respectfully responds to the March 15, 2023 filing by plaintiffs, Bryndon Fisher *et al*., responding to the Court's order to show cause. The United States respectfully requests that the Court dismiss plaintiffs' complaints in their entirety, both because dismissal is required by binding precedent, as plaintiffs concede, and also because preclusion principles bar plaintiffs' claims.

BACKGROUND

These cases are among a large group of cases, filed in this Court and in district courts around the country over the past decade, related to the aftermath of the 2008 collapse of the housing and financial markets. In 2008, Congress enacted the Housing and Economic Recovery Act (HERA) to stabilize the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) (collectively, the Enterprises). HERA created the Federal Housing Finance Agency (FHFA) and authorized its Director to appoint the Agency as conservator or receiver for the Enterprises. Congress also authorized the Treasury Department to invest in the Enterprises to provide the extraordinary infusion of taxpayer funds

that would be necessary to ensure their ongoing viability.  The Director of FHFA placed both Enterprises into conservatorships on September 6, 2008, and the conservator immediately entered into agreements with Treasury, known as the Senior Preferred Stock Purchase Agreements (PSPAs), to secure the financial assistance that the Enterprises needed.  On August 17, 2012, Treasury and FHFA, as conservator of the Enterprises, executed an amendment, frequently referred to as the Third Amendment, to the dividend structure in the PSPAs to help ensure the Enterprises' ongoing financial stability. These cases challenge the Third Amendment. They have a lengthy procedural history that we recap below only in broad strokes relevant to the matters at issue.

Plaintiffs originally filed their complaint in this case, *Fisher v. United States*, No. 13-608C, on August 26, 2013.  ECF No. 1.  On October 30, 2013, the Court consolidated this case with *Shipmon v. United States*, No. 13-672C, under the *Fisher* caption and docket number.  ECF No. 16.  On December 2, 2013, plaintiffs filed their first amended complaint.  ECF No. 17.  On March 8, 2018, plaintiffs filed, under seal, a second amended complaint.  ECF No. 36.

On August 1, 2018, the United States filed an omnibus motion to dismiss these and a number of other cases, later amending the motion on October 1, 2018.  ECF Nos. 41, 42.  On May 8, 2020, following further briefing, argument, and a stay of proceedings, the Court denied the motion to dismiss in these cases.  ECF No. 71, 74 (public version).  On June 11, 2020, the Court certified its May 8, 2020 opinion for interlocutory appeal.  ECF No. 79.   The United States Court of Appeals for the Federal Circuit denied plaintiffs' petition for permission to appeal, stating that plaintiffs could seek leave to participate as amici in the closely related appeals of *Fairholme Funds, Inc. v. United States*, Nos. 20-1912, 20-1914 (*Fairholme Funds*). *See* ECF No. 81, ECF No. 93 at 1.  Plaintiffs participated in those appeals as amici, filing several

briefs.  ECF No. 93 at 1.  On October 5, 2020, the Court ordered that these cases remain stayed

pending the outcome of the *Fairholme Funds* appeals.  ECF No. 83.

On February 22, 2022, the Federal Circuit issued its opinion in *Fairholme Funds*, holding

that all shareholder claims must be dismissed.  *Fairholme Funds, Inc. v. United States*, 26 F.4th

1274, 1305 (Fed. Cir. 2022), *cert. denied sub nom. Barrett v. United States*, 143 S. Ct. 562

(2023), and *cert. denied sub nom. Owl Creek Asia I, L.P. v. United States*, 143 S. Ct. 563 (2023),

and *cert. denied sub nom. Cacciapalle v. United States*, 143 S. Ct. 563 (2023), and *cert. denied,*

143 S. Ct. 563 (2023).  The Federal Circuit's mandate to this Court issued on April 15, 2022.

*Fairholme Funds, Inc. v. United States*, No. 13-465C, ECF No. 473.  On January 9, 2023, the

Supreme Court of the United States denied petitions for a writ of certiorari filed by the appellants

in *Fairholme Funds*.  143 S. Ct. 563.

Following the Supreme Court's decision not to review the Federal Circuit's resolution of

*Fairholme Funds*, the parties filed joint status reports to address further proceedings in these

cases.  ECF Nos. 89, 92.  In the second such report, plaintiffs requested that the Court maintain

its then-current stay of proceedings pending the outcome of litigation in the United States

District Court for the District of Columbia.  ECF No. 92.  The United States opposed the

continuation of the stay and asked that the Court reconsider its decision on the United States'

motion to dismiss, ECF No. 42, and dismiss these cases with prejudice.  ECF No. 92.

On February 15, 2023, the Court entered an Order denying plaintiffs' request to continue

the stay of proceedings in this matter; lifting the stay; and ordering plaintiffs to show cause why

their claims should not be dismissed.  ECF No. 93.  The Court stated that it had "considered the

procedural options discussed by defendant in the parties' joint status report but prefer[red] to

offer plaintiffs an opportunity to rebut defendant's arguments as to the effect of *Fairholme Funds* on the viability of their claims." ECF No. 93 at 3.

On March 15, 2023, plaintiffs filed their response to the show cause order. ECF No. 94. In their response, plaintiffs "acknowledge that the Federal Circuit's binding decision in *Fairholme Funds* requires this Court to dismiss the above-captioned actions." *Id*. at 2. Plaintiffs state, however, that they do not believe that *Fairholme* was correctly decided and intend to appeal dismissal of these cases and seek Federal Circuit review of such an appeal *en banc* "to overturn its decision in *Fairholme*." *Id*. Plaintiffs additionally assert, in a footnote, that, because they "were not parties in any of the cases addressed in *Fairholme Funds*, that decision is not collateral estoppel or *res judicata* but instead is merely binding precedent." *Id*. at 1 n.1.

The United States agrees with plaintiffs that *Fairholme Funds* binds this Court and requires dismissal of plaintiffs' claims in their entirety. Indeed, the Federal Circuit in *Fairholme Funds* considered derivative claims substantively identical to each of the derivative claims advanced by plaintiffs here, holding that none could survive dismissal. For this reason, however, the United States disagrees with plaintiffs' assertion that preclusion does not apply to bar their claims – each claim has already been resolved against shareholders that were attempting to assert them derivatively on behalf of the Enterprises.

We explain our position on preclusion in detail below. Other bases for dismissal of plaintiffs' claims are detailed in our prior motion to dismiss, ECF No. 42, and in *Fairholme Funds*, as plaintiffs have acknowledged. In the event that the Court orders additional briefing detailing each of those reasons in these cases, the United States respectfully requests that the Court permit the parties to propose a schedule for any such additional briefing.

ARGUMENT

As plaintiffs acknowledge, the Federal Circuit in *Fairholme Funds* has already rejected derivative takings, illegal exaction, and breach of fiduciary duty claims substantively identical to those that plaintiffs present here. 26 F.4th at 1299-304. Plaintiffs accept that the Court must dismiss their claims under the binding precedent of *Fairholme Funds*. ECF No. 94. We agree. Plaintiffs, however, go on to allege that, because they "were not parties in any of the cases addressed in *Fairholme Funds*, that decision is not collateral estoppel or *res judicata* but instead is merely binding precedent." *Id.* at 1 n.1. This is not correct. Like the plaintiffs whose claims the Federal Circuit addressed in *Fairholme Funds*, plaintiffs in these cases are shareholders advancing derivative claims on behalf of the Enterprises, which are the real parties in interest for the claims. Because these claims that belong to the Enterprises have already been conclusively rejected when asserted derivatively by shareholders, they cannot be relitigated here.

I.      Res Judicata Principles – Issue And Claim Preclusion Generally And In Derivative Suits

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001)). "Claim preclusion requires (1) an identity of parties or their privies, (2) a final judgment on the merits of the first suit, and (3) the later claim to be based on the same set of transactional facts as the first claim such that the later claim should have been litigated in the prior case." *Bowers Inv. Co., LLC v. United States,* 695 F.3d 1380, 1384 (Fed. Cir. 2012) (citation omitted). Similarly, issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892

(citation and internal quotation marks omitted).  These doctrines "preclud[e] parties from contesting matters that they have had a full and fair opportunity to litigate," and thus "protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."  *Id*. (citation and internal quotation marks omitted).

Although plaintiffs allege that they "were not parties in any of the cases addressed in *Fairholme Funds*," "a judgment rendered in a shareholder-derivative lawsuit will preclude subsequent litigation [of that issue] by the corporation and its shareholders."  *Cottrell v. Duke*, 737 F.3d 1238, 1243 (8th Cir. 2013); *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981) ("[I]n shareholder derivative actions arising under [Federal Rule of Civil Procedure] 23.1, parties and their privies include the corporation and all nonparty shareholders.").  This is because "[i]t is a matter of black-letter law that the plaintiff in a derivative suit represents the corporation, which is the real party in interest."  *In re Sonus Networks, Inc, S'holder Derivative Litig.*, 499 F.3d 47, 63 (1st Cir. 2007) (citation omitted) (rejecting assertion that plaintiffs lacked privity with plaintiffs in a prior derivative action); *Cottrell*, 737 F.3d at 1242 ("Since the shareholders in the Federal and Delaware proceedings bring their suits derivatively, Wal–Mart is the true plaintiff in interest in both proceedings."); *United States v. LTV Corp.*, 746 F.2d 51, 53 n.5 (D.C. Cir. 1984) ("[J]udgments in [shareholder's derivative suits] bind shareholders . . . .") (citations omitted).

Of course, this rule is "subject to the important proviso that the shareholder must fairly and adequately represent the corporation."  *Sonus Networks*, 499 F.3d at 64.  Based on this proviso, the Court previously rejected our argument that issue preclusion barred plaintiffs from relitigating whether they possessed standing to bring derivative claims, because plaintiffs had litigated that issue in *Perry Cap. LLC v. Lew*, 70 F. Supp. 3d 208 (D.D.C. 2014) (*Perry I*), *aff'd*

*in part, remanded in part sub nom. Perry Cap. LLC v. Mnuchin*, 864 F.3d 591 (D.C. Cir. 2017) (*Perry II*).  *Fisher v. United States*, 148 Fed. Cl. 478, 497-99 (2020), *amended,* 149 Fed. Cl. 204 (2020).  This Court determined that, because the district court in *Perry I* found that the plaintiffs there lacked capacity to litigate derivative claims on behalf of Fannie Mae, "the decision affecting those litigants has no bearing on Fannie or the rights of the other shareholders who were not parties to that suit."  *Id.* at 499.

The Federal Circuit, however, disagreed in *Fairholme Funds*, holding that the interests of shareholders were "aligned" on the issue of whether HERA's Succession Clause bars all non-constitutional derivative shareholder suits, and that the class plaintiffs in *Perry I* and *Perry II* acted in a representative capacity.  *Fairholme Funds*, 26 F.4th at 1300.  The Federal Circuit held that "the pure legal question of whether HERA's Succession Clause bars all non-constitutional derivative shareholder claims is not applicable only to certain shareholders . . . instead, [it] applies to any shareholder attempting to bring a derivative claim on the Enterprises' behalf."  *Id.* at 1301.   The Federal Circuit, therefore, held that the plaintiff who brought expressly derivative claims, Andrew T. Barrett, was adequately represented by the class plaintiffs in *Perry I* and *II.* *Id*.

Likewise here, plaintiffs, who bring the same expressly derivative claims advanced by Mr. Barrett, were adequately represented by the class plaintiffs in *Perry I* and *II*, according to the same analysis.  As alleged owners of Enterprise stock, plaintiffs, like Mr. Barrett, "fall[] under the class described in the *Perry* cases."  *Fairholme Funds*, 26 F.4th at 1300; *see* Second Am. Compl. ¶¶ 24-26.

Moreover, like Mr. Barrett and the *Perry* plaintiffs, plaintiffs here bring their claims derivatively on behalf of the Enterprises.  Second Am. Compl. ¶ 1.  Unlike Mr. Barrett's non-

constitutional claims, the Federal Circuit, in analyzing his derivative constitutional claims, did not rely on collateral estoppel or HERA's Succession Clause.  Instead, the Federal Circuit determined on the merits that, even assuming that a shareholder plaintiff could assert them derivatively, these takings and illegal exaction claims failed as a matter of law.  *Fairholme Funds*, 26 F. 4th at 1301-04.  The Court thus rejected these claims as asserted on behalf of the Enterprises, the true parties in interest both for Mr. Barrett's derivative constitutional claims and for those of plaintiffs here.  Accordingly, plaintiffs are barred from relitigating claims and issues that have been resolved against shareholders proceeding derivatively or against the *Perry* class plaintiffs.

Unfortunately for plaintiffs, each of their claims has been previously litigated by Enterprise shareholders proceeding derivatively or by class plaintiffs that adequately represented their interests, and each has been conclusively rejected.  Each, therefore, is barred by claim and/or issue preclusion.

II.   Plaintiffs' Derivative Constitutional Claims Are Precluded By *Fairholme Funds*

In *Fairholme Funds*, the Federal Circuit considered and rejected on the merits as a matter of law takings and illegal exaction claims brought by an Enterprise shareholder derivatively on behalf of the Enterprises.  26 F.4th at 1283, 1301-04.  Because the Federal Circuit has already resolved these claims against shareholders proceeding on behalf of the Enterprises, plaintiffs here, who are also shareholders asserting the same claims on behalf of the Enterprises, are precluded from relitigating these claims.

Count I of plaintiffs' second amended complaint alleges, derivatively on behalf of Fannie Mae, that the Third Amendment constituted an "unlawful taking."  Second Am. Compl. ¶¶ 224-28.  The Federal Circuit rejected a substantively identical derivative claim in *Fairholme Funds*,

26 F. 4th at 1301-03.  The Court held that "[b]ecause *the Enterprises* lacked the right to exclude the government from their net worth after the passage of HERA, and especially after the imposition of the conservatorship, they had no investment-backed expectation that the FHFA would protect their interests and not dilute their equity."  *Id*. at 1303 (emphasis added).  The Federal Circuit held that Mr. Barrett's derivative takings claim, therefore, failed as a matter of law, irrespective of whether he possessed standing to assert it.[1]  The Federal Circuit's conclusion focused on the ability of the Enterprises, the true parties in interest, to assert a takings claim based on the facts alleged.  Plaintiffs also assert their substantively indistinguishable takings claim derivatively on behalf of the Enterprises and, thus, this is the same claim that the Federal Circuit has already rejected.  Plaintiffs may not relitigate the claim here.

Count II of plaintiffs' second amended complaint pleads a derivative illegal exaction claim substantively identical to the one the Federal Circuit examined in *Fairholme Funds*. Second Am. Compl. ¶¶ 229-37.  The Federal Circuit explained that, not only does this claim fail for the same reason as the derivative takings claim, but additional reasons also doom this claim as a matter of law.  *Fairholme Funds*, 26 F. 4th at 1303-04.  Specifically, the Federal Circuit held that the Supreme Court's decision in *Collins v. Yellen*, 141 S. Ct. 1761, 1775 (2021), made clear

---

[1]  Before determining that Mr. Barrett's derivative takings and illegal exaction claims failed as a matter of law for other reasons, the Federal Circuit held that Mr. Barrett was not collaterally estopped from asserting these claims "[b]ecause the *Perry II* court never decided any constitutional claims."  26 F.4th at 1301.  Respectfully, however, and to preserve this issue in the event of further review, we disagree.  Issue preclusion applies "even if the issue recurs in the context of a different claim."  *Taylor*, 553 U.S. at 892.  The legal "issue" in question is whether HERA's Succession Clause bars shareholders from bringing derivative claims on behalf of the Enterprises.  The district court in *Perry Capital* held that it does, barring relitigation of that question by shareholders here.  70 F. Supp. 3d at 229-30.  The legal issue is the same whether it arises in the context of a constitutional or non-constitutional claim, so preclusion applies in either instance.  Therefore, Mr. Barrett, like plaintiffs, is barred by the *Perry* cases from relitigating whether HERA bars them from pursuing derivative claims on behalf of the Enterprises, irrespective of the claim under which that issue arises.

that derivative shareholders could not state a plausible illegal exaction claim based on the Third

Amendment. *Fairholme Funds*, 26 F. 4th at 1304. As the Federal Circuit recognized, the

Supreme Court in *Collins* established that "when the FHFA acts as a conservator, it may aim to

rehabilitate the [Enterprises] in a way that, while not in the best interests of the [Enterprises], is

beneficial to the [FHFA] and, by extension, the public it serves." *Id*. (quoting *Collins*, 141 S. Ct.

at 1776). *Collins*, therefore, made clear that a derivative shareholder "cannot plausibly allege an

illegal exaction claim predicated on his contention that adopting the net worth sweep fell outside

the FHFA's statutory authority." *Fairholme Funds*, 26 F. 4th at 1304. Again, the Federal

Circuit's conclusion focused on the ability of the Enterprises, the true parties in interest, to assert

an illegal exaction claim. Plaintiffs also assert their substantively indistinguishable illegal

exaction claim derivatively on behalf of the Enterprises and, thus, this is the same claim that the

Federal Circuit has already rejected. Plaintiffs may not relitigate this claim here.

III.    Plaintiffs' Derivative Non-Constitutional Claim Is Precluded Both By *Fairholme Funds*
        And By The *Perry* Cases

Count III of plaintiffs second amended complaint pleads a derivative claim for breach of

fiduciary duty. Second Am. Compl. ¶¶ 238-46. The Federal Circuit, however, rejected such a

claim as precluded when pleaded derivatively.[2] *Id*. at 1299-301. The Federal Circuit held that

"the *Perry II* court affirmatively answered the question of whether HERA's Succession Clause

bars all non-constitutional derivative shareholder suits." *Id*. at 1300. The Court held that

Mr. Barrett was precluded from relitigating whether HERA barred such a suit and, thus, his non-

constitutional derivative claims, which included a derivative breach of fiduciary duty claim,

---

[2]  The Federal Circuit also rejected a nearly identical breach of fiduciary duty claim, which
other shareholders purported to bring directly, for lack of subject matter jurisdiction. *Fairholme
Funds*, 26 F.4th at 1296-99. The Federal Circuit held that no fiduciary duty to shareholders
could be grounded in statute through HERA or in contract through the PSPAs. *Id*. at 1297-99.

could not proceed.  *Id.* at 1299-301.  Accordingly, plaintiffs here, like Mr. Barrett, are precluded

by the *Perry* cases from relitigating the issue of whether HERA bars them from bringing such a

suit derivatively, as they have attempted to do here.  That question has already been resolved

against shareholders in the *Perry* cases, and that conclusion bars relitigation of the issue here.

Moreover, not only does issue preclusion based on the *Perry* cases bar plaintiffs here

under the same rationale under which the Federal Circuit found Mr. Barrett's substantively

identical claim to be precluded, but the Federal Circuit's holding itself acts to bar plaintiffs'

claim here.  A dismissal on preclusion grounds is a decision on the merits which itself has

preclusive effect in subsequent actions.  *Ramos v. United States*, 112 Fed. Cl. 79, 86

(2013).  "[D]ismissal of a second action on the ground that it is precluded by a prior action is

itself effective as res judicata, and a judgment on the merits that forecloses further litigation of

the preclusion question in a third action."  18A Charles Alan Wright, Arthur R. Miller & Edward

H. Cooper, Federal Practice and Procedure § 4435 (3d ed. 2019).  Notably, following the Federal

Circuit's decision in *Fairholme Funds*, this Court dismissed all of the claims in that case,

including all of Mr. Barrett's derivative claims, with prejudice.  *Fairholme Funds, Inc. v. United

States*, No. 13-465C, ECF Nos. 475, 476.  Accordingly, Count III of plaintiffs' second amended

complaint is precluded and plaintiffs may not relitigate it here.

<u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that the Court dismiss

plaintiffs' complaints in their entirety, both because dismissal is required by binding precedent,

as plaintiffs concede, but also because preclusion principles bar plaintiffs' claims.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

OF COUNSEL:

FRANKLIN E. WHITE, JR.
Assistant Director

RETA E. BEZAK
Senior Trial Counsel

MARIANA T. ACEVEDO
Trial Attorney

PATRICIA M. McCARTHY
Director

s/ Elizabeth M. Hosford
ELIZABETH M. HOSFORD
Assistant Director

s/ Anthony F. Schiavetti
ANTHONY F. SCHIAVETTI
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7572
anthony.f.schiavetti@usdoj.gov

June 16, 2023

Attorneys For Defendant

12